## COMMONWEALTH *vs.* GEORGE HARRISON.

Suffolk. April 9, 1999. - June 29, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Revocation of probation, Waiver. *Due Process of Law,* Probation revocation.

A judge of the Superior Court erred in holding a probation revocation hearing without the probationer being present and having an opportunity to be heard, and the error was not harmless beyond a reasonable doubt. [867-868]

A probationer did not waive his right to be present at a final probation revocation proceeding in Superior Court by having pleaded guilty to a charge in Federal District Court and being sentenced to lengthy confinement before the revocation hearing was held, where Federal authorities refused to make the probationer available for the State proceeding. [868-870]

INDICTMENT found and returned in the Superior Court Department on June 29, 1989.

A proceeding for revocation of probation was heard by *Herman J. Smith, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*David J. Barend* for the defendant.

*Dean A. Mazzone,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, George Harrison, challenges the revocation of his probation. His probation was revoked following a hearing at which he was not present because he was serving a 151-month sentence in Federal prison for bank robbery. We transferred the case to this court on our own motion. We vacate the revocation of his probation and conclude that a new hearing is required as a matter of Federal constitutional law.

In 1990, after a trial held in Middlesex Superior Court, the defendant was convicted of armed robbery. He was sentenced to from fifteen to twenty years, eight years to be served, the balance suspended with a five-year probationary term. In 1995, the

defendant's probation was transferred to Suffolk County. Shortly thereafter, the probation department issued a notice of surrender based on the defendant's further involvement in criminal activity. A preliminary surrender hearing was held in December, 1995, at which counsel was appointed to represent the defendant at the final probation revocation hearing.

In June, 1996, before the final probation revocation hearing was held, the defendant pleaded guilty in Federal District Court to the charge of bank robbery and was sentenced to 151 months (more than twelve years) in prison.[1] He must serve at least eighty-five per cent of the Federal sentence, which amounts to almost eleven years. In August, 1996, the final hearing was held in the absence of the defendant, who already had begun serving his Federal sentence. The Superior Court had made several attempts to secure the defendant's presence at the hearing by asking the United States marshal and the United States marshal's representative.[2] The attempts were unsuccessful. The record does not explain why the Federal authorities refused to cooperate with the Superior Court. Such a refusal is troubling.

Because the Federal authorities would not produce the defendant, the hearing was conducted in his absence. Over defense counsel's objection, the judge determined that the defendant was in violation of his probation, revoked the probation, and imposed the original sentence, to be served from and after the Federal sentence. The judge retained jurisdiction, ordering the defendant to appear for sentencing on the expiration of his Federal sentence.

The defendant's probation revocation must be vacated because his constitutional right to be heard in person at the hearing was violated.[3] The United States Supreme Court has held that the "minimum requirements of due process" demand that the defendant be afforded the "opportunity to be heard in

[1]The fact that the defendant pleaded guilty to the Federal charge was not part of the original record. The Commonwealth submitted the judgment in the Federal case with its motion to expand the record, which we hereby allow.

[2]The Superior Court made each request in the form of a writ of habeas corpus. Federal authorities may refuse to honor State-issued writs. See *United States* v. *Mauro*, 436 U.S. 340, 359-361 (1978).

[3]In addition to asserting his Federal constitutional rights, the defendant also argues that, if Federal constitutional law does not require his presence at the probation revocation hearing, we should rule that art. 12 of the Massachusetts Declaration of Rights does. We do not discuss art. 12 because Federal law requires that the defendant be present.

person" at his probation revocation hearing. *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972) (specifying requirements for parole revocation hearing). See *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973) (holding that probation revocation hearing must be conducted under conditions specified in *Morrissey, supra*).

Although a revocation of probation is not part of a criminal prosecution, see *Gagnon, supra* at 781; *Morrissey, supra* at 480, the Supreme Court described "the loss of liberty entailed" by the revocation as "a serious deprivation." *Gagnon, supra.* The Supreme Court therefore concluded that, at a minimum, a defendant has the right to be heard in person. See *Gagnon, supra* at 782; *Morrissey, supra* at 489. The defendant was not afforded this right.

The Commonwealth concedes that holding the hearing in the defendant's absence was error, but argues that the error was harmless beyond a reasonable doubt.[4] See *Arizona* v. *Fulminante*, 499 U.S. 279, 306 (1991). We do not agree. Because of the defendant's absence, he had no chance to challenge the revocation of probation through testimony. He also could not testify to or offer evidence of changed or mitigating circumstances that would warrant a lesser sentence, a concurrent sentence (if possible), or dismissal. Thus, the error cannot be said to be harmless beyond a reasonable doubt.

The Commonwealth alternatively argues that "the defendant voluntarily, impliedly, and effectively waived his presence" at the hearing by his plea to the Federal charge when he knew that the revocation proceeding was pending.[5] A probationer may knowingly and voluntarily waive his right of presence at his

[4]The United States Supreme Court never has said that such an error is subject to the harmless beyond a reasonable doubt principle. We assume, for the purpose of this opinion, that the principle is applicable.

[5]The Commonwealth further argues that the defendant's lawyer objected to the defendant's absence too late in the proceeding to preserve his rights. According to the transcript, however, defense counsel voiced his objection the first time he spoke at the hearing. As soon as the judge responded that he intended to revoke the defendant's probation, defense counsel again objected to the defendant's absence. We conclude that defense counsel timely objected.

There was some disagreement at oral argument as to whether the hearing was a probation revocation hearing or a motion to dismiss. We have treated it as a probation revocation hearing because it is termed a "final surrender hearing" in the Superior Court docket, and the defendant's original sentence was reimposed from and after the Federal sentence. The judge did retain

final probation revocation hearing. See *Taylor* v. *United States*, 414 U.S. 17, 20 (1973) (per curiam) (defendant's voluntary absence from trial constitutes waiver); *Commonwealth* v. *Flemmi*, 360 Mass. 693, 694 (1971) (same). We conclude that there was no waiver.

The Commonwealth relies on *State* v. *Durkin*, 219 Conn. 629 (1991). In *Durkin*, the defendant appeared for the commencement of his probation revocation hearing. *Id.* at 632. After the State presented its case, the defendant requested and was granted a continuance. *Id.* Before the next hearing, the defendant left the State and was sentenced and incarcerated on an unrelated charge in another State. *Id.* Looking at the totality of the circumstances, the Supreme Court of Connecticut concluded that the defendant voluntarily waived his right to be present. *Id.* at 639-640. The court reasoned that the defendant's departure from the State, which was prohibited by his probation, and his election to submit to the other State's authorities were the product of the defendant's free, uncompelled choice. *Id.* at 640. Further, the court stressed that the defendant knew that the hearing was scheduled to continue and that he was obliged to appear. *Id.*

The circumstances of the case before us differ markedly from those in *Durkin*. The defendant's decision to plead guilty to Federal charges is far different from Durkin's decision to leave the jurisdiction during a continuance that was granted at his request. Durkin made an agreement with the judge to appear in three weeks' time; no such agreement was made by the defendant here. There is no evidence that the defendant knew when his hearing was to take place. In addition, there is no indication that the defendant had any reason to believe that the Federal authorities would not make him available for the hearing when it did occur.[6]

We recognize that our holding places an appreciable burden on the Commonwealth. Without the cooperation of Federal

jurisdiction to give the defendant an opportunity to appear and argue that the State sentence should not be from and after the Federal sentence.

[6]Other cases holding that a waiver occurred are similarly distinguishable on their facts. See *Giles* v. *Irvin*, 914 F. Supp. 957, 959 (W.D.N.Y. 1996) (probationer appeared but left courtroom before hearing began); *Parrish* v. *State*, 65 Ark. App. 66, 71 (1999) (same); *People* v. *Klovstad*, 168 Ill. App. 3d 444, 448 (1988) (probationer, who had been advised of hearing date and admonished that hearing would take place in his absence if he failed to appear, claimed he was sick, but failed to notify court for nearly six months);

authorities, the Commonwealth must wait until the Federal sentence is served before presenting its case for revoking the defendant's probation.[7] Apparently, that is the only way the Commonwealth can secure the defendant's presence at the hearing.[8] The failure of Federal authorities to cooperate with the Commonwealth provides no other alternative. We therefore vacate the revocation of the defendant's probation and remand for a new hearing conducted with the defendant present at the hearing.

*So ordered.*

---

*Chase* v. *State*, 309 Md. 224, 236 (1987) (probationer absent during only a portion of hearing and his attorney failed to object).

[7]The record does not reflect what effect the on and after sentence and the Commonwealth's detainer will have on the defendant while in Federal prison.

[8]The Interstate Agreement on Detainers, 18 U.S.C. Appendix 2, § 2 (1994), entered into by the Federal government and the States, is not available for probation violation charges. See *Carchman* v. *Nash*, 473 U.S. 716, 725 (1985). See also St. 1965, c. 892, § 1. Congress evidently did not contemplate a lack of cooperation, without explanation, by Federal authorities with the States.