## Commonwealth *vs.* Joseph B. MacDonald.

No. 99-P-2206.

Plymouth. September 13, 2001. - November 2, 2001.

Present: Gillerman, Cypher, & Cohen, JJ.

*Due Process of Law,* Probation revocation. *Practice, Criminal,* Revocation of probation, Findings by judge. *Criminal Records. Evidence,* Criminal records.

At a probation revocation hearing, the judge's failure to provide a written statement identifying the evidence upon which the judge relied in finding a probation violation deprived the defendant of his due process rights, especially given that the judge improperly heard about and may well have considered the defendant's extensive criminal record; however, the error was harmless beyond a reasonable doubt, where the evidence proving a probation violation was undisputed and overwhelming, and where the defendant's criminal record was not admitted into evidence and the judge knew not to consider such information in reaching a decision regarding the probation violation. [159-161]

Complaint received and sworn to in the Hingham Division of the District Court Department on August 12, 1997.

A probation revocation proceeding was heard by *Paul F.X. Moriarty,* J.

*Eric W. Ruben* for the defendant.

*Frank J. Middleton, Jr.,* Assistant District Attorney, for the Commonwealth.

Gillerman, J. The defendant has appealed, in part on constitutional grounds, from an order of the District Court revoking his probation. We summarize the prior proceedings.

On September 2, 1997, the defendant pleaded guilty to the charges against him and was sentenced to a house of correction term of two and one-half years, one year to serve, the balance suspended, with probation to August 31, 1999. On September 23, 1998, the defendant was released from jail, and he signed a

form listing the conditions of his probation, one of which was "no rearrests."[1]

On November 6, 1998, he was rearrested in Rockland on various charges, including larceny of a motor vehicle and receiving stolen property. The defendant was released on bail on December 19, 1998. On January 21, 1999, the defendant again was arrested in Rockland on the charge of mayhem and related charges.[2]

At the defendant's final probation violation hearing on April 30, 1999, the probation officer[3] offered a certified copy of the November 6 Rockland police report, to which the defendant objected. The transcript then reveals the following incomplete statement of the judge: "It can come in on [inaudible]."[4]

Later in that hearing, the probation officer offered a certified copy of the January 21 Rockland police report, and informed the judge that the victim of that episode was available to testify. The defendant again objected to the introduction of the police report. The probation officer responded by suggesting to the judge that the probation officer could either call the victim or "finish [the] surrender summary." The judge said, "Go ahead. Summarize [inaudible]."

The probation officer thereupon summarized the defendant's criminal record: the defendant had "a total of 57 entries on his record, and he's all of 19 years old. . . . [I]n my opinion, [the defendant is] not a candidate for probation. . . . [M]y recom-

---

[1]Another condition of probation was that the defendant "must obey local, state or federal laws or court order."

[2]The notice of violation referred to a rearrest on November 6, 1998, and a rearrest on January 25, 1999. We assume the January 25 date was a clerical error since it is undisputed that the defendant's second rearrest occurred on January 21, 1999. The January 21 violation referred to a rearrest on charges of assault and battery with a dangerous weapon, mayhem, assault and battery, larceny, and being a disorderly person.

[3]"[T]he common practice is for the probation officer to present personally the case for revocation. Generally, the district attorney is not involved." *Commonwealth* v. *Durling*, 407 Mass. 108, 117 n.5 (1990). In the present case, both the probation officer and a prosecutor participated in the hearing. See G. L. c. 279, § 3; District Court Rules for Probation Violation Proceedings 5 (West 2000).

[4]The judge most likely was referring to the admissibility of the police record on the issue of whether, if there was a violation, there should be a revocation of probation.

mendation would be that the balance of his suspended sentence be revoked and he be committed for a period of 18 months."

Defense counsel objected to the introduction of the defendant's criminal record (presumably contained in the surrender summary). Counsel argued that it was offered only "to show bad character, and . . . that's not an appropriate consideration for you at this point." The judge, again without ruling on the objection, asked the probation officer, "Do you want to call the victim, then?" The probation officer replied, "Yes, I will."

The material facts regarding the January 21 rearrest on the mayhem and related charges, as developed through the testimony of the victim (the only witness), may be stated briefly.[5]

After learning that his wife had been frightened by a "bunch of kids" in the driveway (the group), the victim went outside to investigate. One member of the group called the victim a "nigger." The victim responded, "What did you call me?" At that point the defendant approached the victim, repeated what had been said, and a fight ensued. Others in the group joined in the assault on the victim. That culminated in one member of the group (later identified by the victim as the defendant) biting deeply into the victim's face.

The defendant makes two claims on appeal. First, he claims that "the admission of the defendant's criminal record over his objection was error." So far as appears in the record before us, the judge never ruled on the admissibility of the defendant's criminal record, nor does the defendant's criminal record appear either in the defendant's or the Commonwealth's appendix.[6] Nevertheless, the judge was told, improperly, the highlights of the

---

[5] In closing remarks to the judge, defense counsel argued that there was "a definite identification problem," but the victim's testimony as to the circumstances of his injuries were left undisputed.

[6] The Commonwealth has moved to correct and expand the record by including the defendant's conditions of probation and two police reports. The motion makes no reference to the defendant's criminal records. The accompanying affidavit of the probation officer states that he "offered into evidence" the defendant's conditions of probation and two police reports. None of these documents appears in the court's file, and the transcript does not reveal that any of the documents was allowed in evidence by a ruling of the judge. The documents were in the courtroom and offered in evidence, but it is unclear what, if any, use was made of the documents by the judge. Since the docu-

defendant's criminal record before the judge found any probation violation. We will return to this point later.

The defendant's principal claim is that he was denied his due process rights: the right to receive a written statement by the judge identifying the evidence upon which the judge relied in finding a probation violation, as well as a written statement of the judge's reasons for revoking his probation.

We agree that the rights asserted by the defendant are included in the "minimum requirements of due process," *Commonwealth* v. *Durling*, 407 Mass. 108, 112-113 (1990), discussing *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972), and *Gagnon* v. *Scarpelli*, 411 U.S. 778, 786 (1973), but due process is not an inflexible concept. See *Commonwealth* v. *Durling*, 407 Mass. at 113.

In this case, the judge made no findings regarding the evidence upon which he relied, and the defendant did not receive a statement of the judge's reasons for revoking the defendant's probation.[7] Moreover, the judge heard from the probation officer (and may well have considered) the defendant's extensive criminal record at the outset of the hearing. That fact made it particularly important that the judge make findings as to what evidence brought him to the conclusion that the defendant had violated a condition of his probation, and why the violation warranted the revocation of the defendant's probation and the imposition of the balance of the defendant's sentence. We have no doubt that these several omissions by the judge constituted error. See *Commonwealth* v. *Marvin*, 417 Mass. 291, 292 n.1 (1994). We note, however, that the defendant failed to bring the judge's omissions to his attention by objections or a written request for findings regarding the evidence, nor did the defendant object to the absence of the judge's statement of

ments were not found in the records of the court, we must assume that the judge made no use of them, and this opinion is based on that assumption.

[7]Contrast *Rubera* v. *Commonwealth*, 371 Mass. 177, 180-182 (1976), where the act allegedly constituting the probation violation was the subject of an independent criminal complaint which established the defendant's guilt beyond a reasonable doubt.

reasons. The defendant's due process claims are made for the first time in this appeal.[8]

Having decided, nevertheless, that the due process clause has not been satisfied, there remains the question, "what process is [now] due." *Morrissey*, 408 U.S. at 481. More particularly, given that a revocation proceeding "is not part of a criminal prosecution," *id.* at 480; *Commonwealth* v. *Harrison*, 429 Mass. 866, 868 (1999), were the defendant's rights irreversibly waived?

We find no definitive authority on the question. See *Commonwealth* v. *Harrison*, *supra* at 868 n.4 ("The United States Supreme Court never has said that [an error in probation violation proceedings] is subject to the harmless beyond a reasonable doubt principle. We assume, for the purpose of this opinion, that the principle is applicable"). Favorably to the defendant, we shall follow *Harrison*, as well as our decision in *Commonwealth* v. *Morse*, 50 Mass. App. Ct. 582, 591-592 (2000), and assume that "the most stringent constitutional test in criminal cases, harmless beyond a reasonable doubt," *ibid.*, applies here.

We are persuaded that the error in this case was harmless beyond a reasonable doubt. The evidence before the judge was undisputed and overwhelming: the victim, drawn into a brawl with young men who quickly resorted to racial epithets, and defending his own yard against these intruders, was bitten deeply in the face by a person the victim identified as the defendant. The record and transcript before us leave no room for doubt as to what happened to the victim. As to the identification of the defendant as the assailant, the victim, when asked on redirect examination, "To what degree of certainty did you make that identification of the defendant," answered, "A hundred percent."

Further, the record, as noted above, does not support the

---

[8]This assertion appears in the Commonwealth's brief. The defendant did not file a reply brief contradicting the assertion, and we find nothing to the contrary in the transcript. The transcript does reveal that at the conclusion of the hearing, defense counsel discussed the details of the judge's final order, after which defense counsel said, "Okay." No mention was made of a request for written findings or statement of reasons.

defendant's claim that the defendant's criminal record was admitted in evidence over the defendant's objection. The fact that the probation officer summarized the defendant's criminal record must be seen in context: the judge invited the probation officer to do so. Still, we see no error that was not harmless beyond a reasonable doubt. Undoubtedly the judge knew he could not consider information about the defendant's criminal record on the violation issue, and we will assume that he correctly instructed himself on that point, absent a showing to the contrary. See *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 568 (1933); *Commonwealth* v. *Gurney*, 13 Mass. App. Ct. 391, 394-395 n.5 (1982).

The violation fairly established, the judge's revocation of the defendant's probation was an entirely reasonable disposition of the case. The order revoking the defendant's probation is affirmed.

*So ordered.*