**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1570

JOSEPH DECICCO,

Petitioner, Appellant,

v.

LUIS SPENCER, SUPERINTENDENT, MCI NORFOLK,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro,  U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Smith,[*] District Judge.

Stephen Hrones, with whom Hrones & Garrity, was on brief for
appellant.
Dean A. Mazzone, Assistant Attorney General, with whom Thomas
F. Reilly, Attorney General, was on brief for appellee.

March 24, 2004

[*]Of the District of Rhode Island, sitting by designation.

COFFIN, **Senior Circuit Judge**. Two courts – one state and one federal – have concluded that the 1994 state trial that resulted in petitioner Joseph DeCicco's conviction for second-degree felony murder was significantly flawed. Neither court, however, felt that the errors warranted reversal of his conviction. In this appeal from the district court's rejection of his petition for habeas corpus relief, DeCicco again asserts that the jury's finding of guilt may not stand. We have carefully reviewed the record and caselaw, but find no basis for changing the outcome. Because petitioner's claims have been fully addressed in the prior decisions, we confine our discussion to the most salient points.

The facts underlying this case are described in detail in the opinion issued by the Massachusetts Appeals Court on direct appeal, see Commonwealth v. DeCicco, 688 N.E.2d 1010, 1012-14 (Mass. App. Ct. 1998),[1] and the procedural history is fully recited in the opinion of the magistrate judge from which this appeal arises. It thus suffices to provide only brief context. Petitioner and George Madden, a neighbor and frequent companion, were both charged in connection with the arson of a home adjacent to the apartment building where they lived. Both men had strained relationships with the home owner, whose son died in the blaze from smoke

---

[1] An abbreviated version of the facts was given in the appellate court's decision affirming denial of petitioner's motion for new trial. See Commonwealth v. DeCicco, 744 N.E.2d 95, 97 (Mass. App. Ct. 2001).

inhalation; the father had recently stopped providing them with cocaine, and they had been trying to persuade him to resume. Petitioner and Madden each contended the other had thrown the fire bomb that triggered the blaze. The jury found petitioner guilty of second-degree murder and several other crimes.

Two issues are before us. First, petitioner claims that the prosecutor improperly bolstered the credibility of Madden, the government's key witness, by telling the jury that he would be tried later for first-degree murder and was not receiving any plea benefits for his testimony. As it turned out, Madden pleaded guilty eleven months later to a reduced charge of manslaughter. Petitioner argues that the jurors would have viewed Madden's damaging testimony less favorably, and would not have convicted petitioner, had the prosecutor not misled them.

Second, petitioner asserts that his trial counsel was ineffective because he told the jury that petitioner would testify but then did not call him to the stand. Petitioner contends that this failure to follow through on a promise damaged counsel's credibility with the jury and strengthened the government's version of the facts by allowing Madden's testimony to remain unopposed.

The courts that previously have ruled on these two issues confronted two limitations on the scope of their review: the jurisprudence of waiver and the highly deferential standard

applicable to habeas claims.  As we shall explain, those factors likewise constrain our assessment.  We take each issue in turn.

   Bolstering Claim.  Petitioner first raised the issue of Madden's plea agreement in a motion for new trial that he submitted after the Massachusetts Appeals Court ruled against him on direct appeal.  The trial court denied the motion.  In its subsequent ruling, the Appeals Court indicated that the bolstering claim was waived because it was not raised on direct appeal.  See 744 N.E.2d at 97.  It applied the standard applicable to waived claims, see id. (citing Commonwealth v. Amirault, 677 N.E.2d 652 (Mass. 1997)), and found that there was no substantial risk that the result would have been different without the asserted error,[2] id. at 100.  On habeas review, the district court applied long established case law on procedural default and concluded that petitioner failed to show cause for omitting the bolstering claim from earlier proceedings.  See Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Burks v. Dubois, 55 F.3d 712, 716 (lst Cir. 1995).  Consequently, the district court considered only whether his conviction was a fundamental miscarriage of justice, and found that it was not.[3]

---

[2] One judge on the panel dissented, stating: "In view of the weakness of the government's case apart from Madden's testimony, I believe that the misleading evidence concerning Madden's potential motives for bias likely 'affected the judgment of the jury,' requiring reversal."  744 N.E.2d at 101.

[3] To demonstrate a fundamental miscarriage of justice, the petitioner must establish that "'a constitutional violation has probably resulted in the conviction of one who is actually

We agree with the district court's reasoning. Petitioner knew before his direct appeal was argued about the change in Madden's status,[4] and it appears that Mass. R. App. P. 8(e) would have allowed the Commonwealth Appeals Court to admit the fact of Madden's plea agreement into evidence even though it was not in the trial court record.[5] See, e.g., Commonwealth v. Harrison, 712 N.E.2d 74, 75 n.1 (Mass. 1999) (the fact of defendant's guilty plea to a federal charge was not part of the original record, but was admitted by the Appeals Court on motion by the Commonwealth). Although petitioner disputes the efficacy of the rule for this purpose, we do not see why Madden's late-arising deal would not qualify as a "material" fact that had been either omitted from, or misstated in, the record. Petitioner made no attempt to test the rule. See Commonwealth v. Randolph, 780 N.E.2d 58, 64 (Mass. 2002) ("At its core, the waiver doctrine states that a defendant must raise a claim of error at the first available opportunity."). We acknowledge that the state appeals panel that did consider the issue refrained from explicitly terming it waived, observing

---

innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1992) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

    [4] Madden's disposition was disclosed in the Commonwealth's brief on appeal.

    [5] The rule allows admission of new evidence into the record either through stipulation by the parties or on motion "[i]f anything material to either party is omitted from the record by error or accident or is misstated therein . . . ." Mass. R. App. P. 8(e).

instead that petitioner's failure to raise it at trial or on direct appeal "implicates the possibility of waiver," 744 N.E.2d at 97 (emphasis added). But the court then went on to utilize the standard of review applicable to waived claims. In our view, the court thus treated the bolstering issue as waived, limiting its own review with the consequence of limiting ours as well. We therefore hold that the district court properly disposed of this issue.[6]

     Ineffective Assistance of Counsel/Unfulfilled Promise. The Massachusetts Appeals Court concluded that defense counsel "failed to meet a minimum standard of performance by announcing to the jury that the defendant might testify without first having met with him to discuss that possibility and to prepare him for it," 688 N.E.2d at 1088. Pursuant to the two-part test applicable under both federal and state law for ineffective assistance claims, the court then explored whether counsel's deficient representation was prejudicial, see Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); Commonwealth v. Johnson, 754 N.E.2d 685, 694 (Mass. 2001), and found that it was not. See 688 N.E.2d at 122-24.

     The district court, in turn, considered the issue with the substantial deference required by the Antiterrorism and Effective Death Penalty Act (AEDPA). See Williams v. Taylor, 529 U.S. 362,

_____

     [6] We note that, even if we did not view the claim as waived, the outcome would be the same; on this record, we could not say that the Massachusetts court's decision either was contrary to or involved an unreasonable application of clearly established federal law. See infra at 7.

-6-

412-13 (2000); McCambridge v. Hall, 303 F.3d 23, 35-37 (lst Cir. 2002) (en banc).  In relevant part, that statute bars a federal court from granting habeas relief unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).  The district court agreed that "trial counsel undoubtedly made a serious error," but disagreed with the finding of no prejudice: "If viewed de novo, this court would conclude that there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different."  The court recognized that the question was close, however, and, in light of the constraints imposed by AEDPA, could not say that the Appeals Court's decision was an unreasonable application of the prejudice prong of the Strickland test.

Both the Massachusetts Appeals Court and the district court assessed prejudice by reviewing the relevant distinctions between this case and other cases in which habeas relief was granted based on counsel's failure to call a defendant or expert whose testimony had been promised in an opening statement.  As the district court observed, the differences add up to a very close case.[7]  Given the

---

[7] The distinctions noted by the district court included: (1) prior cases involved more dramatic, unequivocal and repeated promises that the defendant or an expert would testify; (2) petitioner's version of events did reach the jury through the cross-examination testimony of State Trooper Cox, albeit in a less

narrow sphere in which we may act, we are compelled to affirm dismissal of the habeas petition. Regardless whether we would make the same judgment, we cannot say the conclusion reached by the state appeals court was objectively unreasonable.

Affirmed.

---

powerful form than live testimony from petitioner himself; (3) the cumulative nature of his testimony diminished the likelihood that the jury would draw a negative inference from his non-appearance. See Ouber v. Guarino, 293 F.3d 19 (1st Cir. 2002); Anderson v. Butler, 858 F.2d 16 (1st Cir. 1988).