## Commonwealth *vs.* Darryl J. Kelsey.

Essex. October 1, 2012. - February 8, 2013.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Practice, Criminal,* Revocation of probation, Disclosure of identity of informer. *Due Process of Law,* Probation revocation, Disclosure of evidence.

Discussion of the scope and nature of a criminal defendant's due process right to present a defense in the context of probation revocation proceedings. [319-322]

This court concluded that a criminal defendant facing probation revocation due to an alleged new criminal offense was entitled to disclosure of the identity of a confidential informant who was a participant in the alleged offense, the only nongovernment witness to the offense, and the only percipient witness to the entire alleged transaction. [323-328]

Complaints received and sworn to in the Lynn Division of the District Court Department on February 1 and September 19, 2008.

A proceeding for revocation of probation was heard by *Richard A. Mori*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Rebecca A. Jacobstein*, Committee for Public Counsel Services, for the defendant.

*Kenneth Bresler*, Special Assistant District Attorney, for the Commonwealth.

Lenk, J. While serving a period of probation for unrelated convictions, the defendant allegedly sold "crack" cocaine to a confidential police informant. Prior to his probation revocation hearing, he moved for disclosure of the informant's identity. A District Court judge denied the motion on the ground that such disclosure is not required in the context of a probation revocation proceeding. The judge then found that the defendant had violated the terms of his probation and revoked the defendant's

probation. The defendant timely appealed, and we transferred the case here on our own motion.

The question to be decided is whether a defendant facing probation revocation due to an alleged new criminal offense is entitled to disclosure of the identity of an informant who was a participant in the alleged offense, the only nongovernment witness to the offense, and the only percipient witness to the entire alleged transaction. We conclude that, in such circumstances, disclosure may be appropriate, and that the judge erred in denying the defendant's motion on the ground that disclosure is never required in probation revocation proceedings. Accordingly, we vacate the order and remand for further proceedings.[1]

1. *Background.* We recite the events of December 22, 2009, based on testimony at the probation revocation hearing by Detective Sean Brady of the Marblehead police department. On that day, a confidential informant agreed to make a drug purchase from the defendant, who was on probation for two unrelated sets of convictions. Brady searched the informant, leaving him with one hundred dollars in cash and his cellular telephone. The informant telephoned the defendant to arrange the transaction and then drove alone in Brady's personal automobile to a multiunit building in Marblehead. Brady, who knew the defendant, followed with another officer in a different vehicle. When they arrived at the building, Brady observed the alleged transaction from a location approximately thirty feet from the building's rear door. He saw the defendant leave the building through the rear door and sit in the automobile with the informant. The informant drove approximately forty feet, into the building's parking lot.[2] Less than a minute later, the defendant left the automobile and returned to the building.

Brady followed the informant back to the Marblehead police department. The informant had two plastic "baggies," each containing a white "rock," and he did not have the one hundred

---

[1]The defendant also challenges the judge's refusal to continue the hearing so that he might obtain "potentially exculpatory" telephone records that had been summonsed but not yet received. Because we conclude that the order revoking the defendant's probation must be vacated on other grounds, we need not reach this argument.

[2]The record does not indicate the distance from Brady's location to the parking lot.

dollars in cash. He told Brady that he had purchased the baggies from the defendant. Based on his training and experience, Brady believed the substance in the baggies to be "crack" cocaine.[3]

The defendant was not immediately arrested. On the day after the alleged transaction, Brady prepared a report describing the incident. The report does not indicate the time of day when the alleged transaction occurred. On the same day, a complaint issued charging the defendant with two drug offenses and with conspiracy to commit drug offenses. Brady also requested and received a warrant for the defendant's arrest. During the next few weeks, Brady conducted surveillance of the defendant with the Lynn police department but did not execute the warrant. Approximately two weeks after the alleged transaction, on January 5, 2010, the defendant was arrested and taken into custody when he reported to the District Court for a scheduled meeting with his probation officer. Based on the charges against him, and on his failure to pay certain fees, he was served with a notice of probation violation.

The defendant filed a motion in his criminal case seeking disclosure of the informant's identity, as well as a motion for a court-ordered summons of telephone records from his cellular service provider. On February 16, 2010, a District Court judge held a brief hearing on the defendant's criminal and probation matters. The Commonwealth agreed to the defendant's motion for disclosure, and the judge allowed it. The judge also allowed the motion for summons of the defendant's telephone records, ordering their production on or before March 4, 2010.

On March 9, 2010, the criminal matter was scheduled for a probable cause hearing to be followed by a probation revocation hearing. Before a different District Court judge, the prosecutor indicated that the Commonwealth did not wish to disclose the identity of the confidential informant and moved to dismiss the case. The judge allowed the motion with the defendant's consent. The probation officer wished to proceed with the revocation hearing, but the judge granted the defendant's request for a continuance, because the telephone records summonsed had not been provided.

---

[3]There is no evidence in the record that the substance was thereafter tested and confirmed to be cocaine.

On April 1, 2010, the defendant's probation revocation hearing was held before a third District Court judge. Immediately prior to the hearing, the judge conducted a brief nonevidentiary hearing as to the defendant's second motion for disclosure of the informant's identity, which had been filed two days earlier under the probation docket numbers. The defendant argued that the original and identical motion for disclosure had previously been allowed and was understood to apply to both the criminal case and the probation matter predicated on the same alleged conduct. He further contended that disclosure of an informant's identity is required where the informant is an active participant in, and percipient witness to, the alleged offense, and that nondisclosure would violate his due process right to call witnesses and to investigate the case against him.[4]

The probation officer stated that the Commonwealth should never have agreed to such disclosure in the first place, and that, in any event, the probation department was prepared to proceed without the testimony of the informant. Regarding the absence of the informant as an "admitted[]" weakness in the probation department's case and as a self-sufficient "sanction" for nondisclosure, the judge denied the defendant's motion. He stated, "I've never allowed this sort of motion on probation cases . . . I've never had this in [seventeen] years on the bench . . . disclosure of a confidential informant on a probation surrender." When the defendant asked the judge to clarify whether he was entitled to disclosure, the judge replied, "No. . . . Not for the probation surrender."

Brady and the probation officer testified at the revocation hearing. As to the overdue fees, the probation officer testified that the defendant was required only to pay the balance owed by the end of his probationary period, as long as he was paying a monthly probation fee or performing at least two days of community service each month. She conceded that the defendant "was trying to catch up" with his community service and was making "contributions" toward his fees. The judge found

---

[4]Although the point was not argued or further explained, the defendant stated in his memorandum of law in support of the motion for disclosure that "the informant's testimony is not only useful, but essential on the issue of . . . identity."

that the defendant had violated the terms of his probation by committing a new offense and by failing to pay fees owed. He ordered the defendant's two suspended sentences, one for nine months and one for six months, be imposed, to run concurrently.

2. *Standard of review.* The defendant argues that the judge's refusal to order disclosure of the informant's identity denied him his due process right to present evidence in his defense at a probation revocation hearing. See *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990), quoting *Gagnon* v. *Scarpelli*, 411 U.S. 778, 786 (1973). In the trial context, we review preserved constitutional claims to determine whether the error, if any, was "harmless beyond a reasonable doubt." *Commonwealth* v. *Bacigalupo*, 455 Mass. 485, 495 (2009), citing *Commonwealth* v. *Vinnie*, 428 Mass. 161, 163 (1998). Courts in the Commonwealth have assumed, without so holding, that the same standard applies to probation revocation hearings. See *Commonwealth* v. *Harrison*, 429 Mass. 866, 868 & n.4 (1999); *Commonwealth* v. *MacDonald*, 53 Mass. App. Ct. 156, 160 (2001); *Commonwealth* v. *Morse*, 50 Mass. App. Ct. 582, 591-592 (2000). While probationers facing revocation proceedings enjoy fewer and more flexible due process rights than criminal defendants, *Commonwealth* v. *Durling*, *supra*, and cases cited, the constitutional rights they do hold are appropriately guarded with equal vigilance. Therefore, we review under the familiar standard for preserved constitutional claims. See *Commonwealth* v. *Bacigalupo*, *supra.*

3. *Discussion.* a. *Due process.* Revocation of probation constitutes a deprivation of liberty cognizable under the due process clause of the Fourteenth Amendment to the United States Constitution. See *Commonwealth* v. *Durling*, *supra* at 112, citing *Gagnon* v. *Scarpelli*, *supra* at 782. While a probationer "need not be provided with the full panoply of constitutional protections applicable at a criminal trial . . . [t]he due process clause . . . requires that the Commonwealth provide probationers with certain protections at surrender hearings." *Commonwealth* v. *Durling*, *supra* at 113, citing *Gagnon* v. *Scarpelli*, *supra.*[5] These protections include:

> "(a) written notice of the claimed violations of [proba-

---

[5]The defendant invokes his right to present a defense under both the United States Constitution and the Massachusetts Declaration of Rights. Although our

tion or] parole; (b) disclosure to the [probationer or] parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

*Commonwealth* v. *Durling, supra* at 113, quoting *Gagnon* v. *Scarpelli, supra* at 786 (brackets in original).

"The right to offer the testimony of witnesses . . . is in plain terms the right to present a defense." *Washington* v. *Texas*, 388 U.S. 14, 19 (1967). Otherwise put, the third due process right accorded probationers in revocation proceedings — the opportunity to be heard and to present witnesses and documentary evidence — is the right to present a defense. We have not previously had occasion to address the scope and nature of this right in the context of probation revocation proceedings.[6]

"We adhere to the principle that the requirements of due process

decisions addressing probationers' due process rights generally have relied on the due process clause of the Fourteenth Amendment to the United States Constitution, see, e.g., *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990), arts. 1, 10, and 12 of the Massachusetts Declaration of Rights "embody[] due process protections at least parallel to those granted by the Fourteenth Amendment." *Commonwealth* v. *Alvarez*, 413 Mass. 224, 228 n.4 (1992). Therefore, just as the Fourteenth Amendment guarantees the right to present a defense at probation revocation hearings, see *Gagnon* v. *Scarpelli*, 411 U.S. 778, 786 (1973), quoting *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972), the Massachusetts Declaration of Rights encompasses an equivalent right.

We have held under the Massachusetts Declaration of Rights that a defendant's right to present a defense includes a right of access to material witnesses, see *Commonwealth* v. *Balliro*, 349 Mass. 505, 517 (1965), *S.C.* 370 Mass. 585 (1976), and we see no reason why a probationer's right to present a defense would not, in appropriate circumstances, include a right of access to such witnesses. As such, the due process protections of the Massachusetts Declaration of Rights support our holding today "independent of the Constitution of the United States." *Commonwealth* v. *Mavredakis*, 430 Mass. 848, 859 (2000), quoting *Commonwealth* v. *Upton*, 394 Mass. 363, 372 (1985). See *Commonwealth* v. *Milton*, 427 Mass. 18, 22 (1998).

[6]Our most comprehensive explication of probationers' due process rights was focused on the right to confront adverse witnesses, see *Commonwealth* v. *Durling, supra* at 112, a right the defendant does not here invoke.

are flexible . . . [and] depend on an analysis of the various interests at stake." *Commonwealth* v. *Durling, supra* at 113-114. Here, the defendant has a liberty interest at stake. "He has been given the opportunity to rehabilitate himself and he has an interest in not being deprived of that opportunity arbitrarily." *Id.* at 115. However, his liberty interest is conditional, granted to him "as a matter of grace" by the Commonwealth. *Id.* If he has violated the conditions of his probation, his liberty may be taken away. See *Morrissey* v. *Brewer*, 408 U.S. 471, 480 (1972) ("Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special [probation or] parole restrictions").

"The Commonwealth's interests are several." *Commonwealth* v. *Durling, supra.* It has an interest in expeditiously containing the threat posed by a noncompliant probationer; in imposing effective punishment when a convicted criminal is unable to rehabilitate himself on probation; in being able to revoke probation, when appropriate, without repeating the prosecutorial efforts already expended at trial; and in keeping judicial administrative costs to a minimum. *Id.* at 116. Finally, the probationer and the Commonwealth share an interest in a "reliable, accurate evaluation of whether the probationer indeed violated the conditions of his probation." *Id.*

In *Commonwealth* v. *Durling, supra,* we concluded that the interest in an accurate evaluation — the only interest shared by both parties — is of central concern in determining the scope of a probationer's due process rights. "[T]he requirements of the due process clause have, at their base, the goal of providing an accurate determination whether revocation is proper." *Id.* In making such a determination, our courts adhere to "the adversary system as a means of discovering the truth." *Commonwealth* v. *Donahue*, 396 Mass. 590, 597 (1986). Just as a probation officer is given an opportunity to present the case for revocation, see *Commonwealth* v. *Durling, supra* at 117 n.5, a probationer must be given a meaningful opportunity to present a defense. See *State* v. *Lawrence*, 28 Wash. App. 435, 439 (1981), citing *Morrissey* v. *Brewer, supra* at 484 ("A court must have accurate knowledge of a [probationer's] conduct and behavior if it

is going to consider that conduct in its decision to revoke probation. To ensure the court is accurately informed, due process requires that [probationers] be given an opportunity to be heard and to present witnesses"). In some cases, this will require disclosure to the probationer of information crucial to his ability to prepare a defense. See *Commonwealth* v. *Maggio*, 414 Mass. 193, 197 (1993) (probationer must be made aware of "the specifics of his allegedly wrongful conduct").

However, we abide by the principle that "revocation proceedings must be flexible in nature." *Commonwealth* v. *Durling, supra* at 114, citing *Buckley* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 815, 818 & n.3 (1985). Relying on this principle, we held in *Commonwealth* v. *Durling, supra* at 118, that the scope of a probationer's due process right to confront adverse witnesses "depends on the totality of the circumstances in each case." Given the conditional liberty interest implicated in probation proceedings, and given the Commonwealth's substantial countervailing interests, we conclude that the scope of a probationer's due process right to present a defense similarly depends on the totality of the circumstances in each case. See *Commonwealth* v. *Janovich*, 55 Mass. App. Ct. 42, 44 (2002) ("To the extent that probationers are entitled to due process rights . . . those rights are subject to more 'flexible' due process balancing"). Where a probationer alleges a violation of the right to present a defense, the judge must consider whether a ruling in the probationer's favor will sufficiently advance the "reliable, accurate evaluation of whether the probationer indeed violated the conditions of his probation," *Commonwealth* v. *Durling*, 407 Mass. 108, 116 (1990), so as to outweigh the Commonwealth's "significant interests in informality, flexibility, and economy." *Gagnon* v. *Scarpelli*, 411 U.S. 778, 788 (1973). The right to present a defense in probation revocation proceedings, then, is parallel to, but not coextensive with, the right to present a defense at trial.[7]

---

[7]The United States Supreme Court first articulated a defendant's right to present a defense at trial in *Washington* v. *Texas*, 388 U.S. 14, 19 (1967), stating that this right is a "fundamental element of due process of law." In *Taylor* v. *Illinois*, 484 U.S. 400, 409 (1988), quoting *United States* v. *Nixon*, 418 U.S. 683, 709 (1974), the Court held that the "very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence."

b. *Disclosure.* Ordinarily, the Commonwealth may withhold from a criminal defendant the identity of a confidential informant. *Commonwealth* v. *Dias,* 451 Mass. 463, 468 (2008), and cases cited. See, e.g., *Commonwealth* v. *Elias,* 463 Mass. 1015, 1016 (2012). This privilege "serves a substantial, worthwhile purpose in assisting the police in obtaining evidence of criminal activity." *Commonwealth* v. *Madigan,* 449 Mass. 702, 706 (2007), quoting *Commonwealth* v. *Douzanis,* 384 Mass. 434, 441 (1981). However, a limitation on the privilege "arises from the fundamental requirements of fairness. Where the disclosure of an informant's identity . . . is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must give way." *Roviaro* v. *United States,* 353 U.S. 53, 60-61 (1957). "[N]o fixed rule" determines when disclosure is required. *Id.* at 62. Rather, "[t]he problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Relevant factors include, but are not limited to, "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony." *Id.*

In *Commonwealth* v. *Lugo,* 406 Mass. 565, 574 (1990), we reframed this inquiry and asked simply "whether disclosure would have provided material evidence needed by the defendant for a fair presentation of his case to the jury." While we have imposed no requirement that a defendant "make a specific showing of just what the evidence would have proved and how far he was prejudiced by the withholding," *Commonwealth* v. *Johnson,* 365 Mass. 534, 547 (1974), we have nonetheless noted that he must "make some offering so that the trial judge may assess the materiality and relevancy of the disclosure to the defense, if that relevancy is not apparent from the nature of the case and the defense offered thereto." *Commonwealth* v. *Swenson,* 368 Mass. 268, 276 (1975).

Also pertinent to the inquiry is the degree to which the ultimate question of guilt is implicated at the stage of the proceeding for which disclosure is requested. Disclosure is more readily required at trial, where the final determination of guilt is at issue, than it is at pretrial hearings, where the ultimate question of guilt is not implicated. See *Commonwealth* v. *Dias, supra* at 469 n.12, citing

*Commonwealth* v. *Lugo, supra* at 571; *Commonwealth* v. *Johnson, supra* at 545.

As discussed, however, a probationer's right to present a defense is not coextensive with the parallel right held by a criminal defendant. The question of disclosure, both at trial and in probation proceedings, requires balancing, but the probation revocation context requires a distinct balancing analysis dependent on "the totality of the circumstances." *Commonwealth* v. *Durling, supra* at 118.[8] In the probation context, an additional set of factors, generally militating against disclosure, must be considered. Viewed against the goal of providing an accurate determination whether revocation is proper, these factors include the Commonwealth's interest in expeditiously containing the threat posed by, and imposing punishment upon, noncompliant probationers; the Commonwealth's interest in "informality, flexibility, and economy" in probation revocation proceedings, *Gagnon* v. *Scarpelli, supra*; and the probationer's conditional, rather than absolute, liberty interest, see *Morrissey* v. *Brewer*, 408 U.S. 471, 480 (1972).[9]

Turning to the case before us, we first address the degree to which the hearing implicates the question of guilt. In a probation revocation hearing, the issue to be determined is not guilt beyond a reasonable doubt but, rather, whether the probationer more likely than not violated the conditions of his probation. See *Commonwealth* v. *Wilcox*, 446 Mass. 61, 65 (2006). When the allegation is that the probationer has violated the conditions of probation by committing a new crime, the probation revoca-

---

[8]While maintaining at oral argument that "there [is] no blanket rule entitling a defendant or a probationer to the identity of an informant," the Commonwealth conceded that, in certain circumstances, due process would entitle a probationer to disclosure.

[9]We appreciate that it is generally a probation officer, rather than the district attorney, who pursues probation violation charges, see *Commonwealth* v. *Durling*, 407 Mass. 108, 117 n.5 (1996), and that these personnel are employed by different branches of government. See *Commonwealth* v. *Negron*, 441 Mass. 685, 686 (2004). We recognize that in certain instances, a probation officer might be unable to disclose the identity of a confidential police informant without the district attorney's cooperation. In those circumstances, where a judge orders disclosure of a confidential informant in a probation revocation proceeding, the result may well be termination of the proceeding, at least as to the charge for which disclosure was sought.

tion hearing, like a criminal trial, requires that the fact finder determine whether the probationer indeed violated the law. See *Commonwealth* v. *Durling, supra* at 112; Rule 7 (a)-(c) of the District Court Rules for Probation Violation Proceedings 97 (LexisNexis 2012-2013). A determination that the probationer did so may result in the imposition or execution of a sentence of incarceration. See *Commonwealth* v. *Wilcox, supra* ("The judge determines whether a violation in fact occurred and, in the court's discretion, whether the probationer's conduct warrants imposition of the original suspended sentence, or in the case of straight probation, imposition of a sentence" [citations omitted]); *Commonwealth* v. *Faulkner,* 418 Mass. 352, 360 (1994) ("a probation revocation hearing remains a point in the sentencing process"); Rule 7 (e)-(f) of the District Court Rules for Probation Violation Proceedings, *supra* at 97-98. In such cases, while the probation revocation hearing does not implicate the question of guilt beyond a reasonable doubt raised at trial, it implicates a similar question with comparable consequences.[10]

In determining whether disclosure of an informant's identity is required, the materiality of that disclosure to the probationer's ability to prepare a defense must be considered. See *Commonwealth* v. *Lugo, supra.* Here, the defendant's showing of materiality, i.e., whether disclosure was needed for a fair presentation of his case, was general rather than case specific. His mo-

---

[10]We note that where an individual faces both criminal charges and probation violation proceedings for the same alleged conduct, as here, the Commonwealth may prefer to pursue only the probation violation, as the burden of proof is lower and a new term of incarceration may be obtained with relative ease. See *Morrissey* v. *Brewer,* 408 U.S. 471, 479 (1972) (addressing issue in context of parole revocation proceedings). In this way, probation revocation hearings may serve as substitute means of incarcerating defendants. Here, for example, the Commonwealth chose to dismiss the criminal charges against the defendant rather than disclose the informant's identity. The record does not indicate the Commonwealth's reasons for its reluctance to disclose. To be sure, the Commonwealth may have elected to forgo the criminal case out of concern for the informant's safety. However, it may also simply have elected to maintain the utility of the informant's services in future investigations by forgoing criminal prosecution, given the availability of probation revocation proceedings as a means to redress the defendant's alleged criminal conduct without revealing the informant's identity. To conclude that revocation hearings never implicate considerations similar to those implicated in the adjudication of guilt would be to ignore the close functional nexus that may exist between criminal trials and probation revocation proceedings.

tion placed almost exclusive reliance on the fact that the confidential informant was apparently a percipient witness to the alleged transaction and an active participant in the same. To be sure, these are significant factors favoring disclosure in criminal cases. See *Commonwealth* v. *Lugo, supra* at 572, and cases cited ("where the informer is an active participant in the alleged crime or the only nongovernment witness, disclosure usually has been ordered"); *Commonwealth* v. *Swenson, supra* at 277, and cases cited ("the fact that an informer is an eyewitness to the crime weighs heavily in favor of disclosure"). Unless the defendant "waived his constitutional right not to take the stand in his own defense, [the informant] was his one material witness." *Roviaro* v. *United States, supra* at 64. Nonetheless, the defendant did not raise a defense to the charged violation of probation to which the informant's testimony was obviously relevant. Although he stated in his memorandum of law in support of his motion that "the informant's testimony is . . . essential on the issue of . . . identity," he neither proffered an alibi, see *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. 499, 502 (1973), nor stated in his motion that he intended to pursue a defense of misidentification.

That being said, however, defense counsel appears to have been operating under the belief that disclosure was ordered as to both the criminal case and the probation matter on February 16 and, perhaps, that no further showing of materiality was necessary. The separate motion for disclosure filed under the probation docket was not brought until two days before the revocation hearing, suggesting that counsel acted only when the hearing date was fast approaching and she still had not received disclosure.[11] The judge's stated belief that disclosure is never warranted in probation proceedings appears to have resulted in

---

[11]Defense counsel had some reason to believe the original motion for disclosure applied to both the criminal case and the probation matter. On February 16, the first District Court judge allowed both the defendant's motion for disclosure and his motion to summons phone records. Both motions were filed under the criminal docket. However, even after dismissal of the criminal case, the second District Court judge granted the defendant a continuance in the probation matter so that he might obtain the telephone records that had been summonsed. Therefore, the motion for summons presumably applied to both the criminal case and the probation matter, despite being filed only under the criminal docket. While defense counsel thus had some reason to

a truncated hearing on the defendant's motion and precluded further inquiry as to why the informant's identity was material to the defense. Further, the judge apparently did not consider the pertinence of disclosure to the defendant's right to present a defense, concluding simply that the probation department's presentation of an accordingly weaker case was a sufficient "sanction" for its failure to produce the informant.[12] Although the relevancy of the informant's testimony is not "apparent from the nature of the case and the defense offered thereto," *Commonwealth* v. *Swenson*, 368 Mass. 268, 276 (1975), we cannot conclude on this record that such relevancy would not have been established had the defendant been afforded an opportunity to make an appropriate showing.

The judge did not take such pertinent, case-specific factors into consideration when ruling on the defendant's motion. Rather than determining whether, in the totality of the circumstances, disclosure was necessary to effectuate the defendant's right to present a defense, the judge denied the motion under the mistaken belief that disclosure is never to be ordered in probation revocation proceedings. It was error to deny the motion on this basis. Cf. *Commonwealth* v. *Ruiz*, 400 Mass. 214, 215-216 (1987) (reversing judgment where trial judge did not recognize he had discretion in admitting defendant's prior convictions).[13]

We cannot say that the judge's error was harmless beyond a

---

believe that the original motion for disclosure, allowed by the same judge at the same hearing, similarly applied to the probation matter, she was also aware that the criminal case had been dismissed because the Commonwealth declined to identify the confidential informant. The record discloses no specific discussion as to any ongoing obligation by the probation department to disclose the informant's identity.

[12]The judge's statements at the hearing suggest that he was concerned solely with the defendant's right to confront adverse witnesses, a right that may be satisfied in the probation context by presentation of sufficiently reliable hearsay evidence. See *Commonwealth* v. *Durling*, 407 Mass. 108, 117-118 (1990). However, the right to confront adverse witnesses and the right to present a defense are distinct due process rights separately guaranteed to probationers. *Id.* at 113, quoting *Gagnon* v. *Scarpelli*, 411 U.S. 778, 786 (1973). The hearing judge erred to the extent that he conflated these rights.

[13]Given the limited record pertaining to the motion for disclosure, we leave to the judge at any further hearing the assessment of the relevant factors and the determination whether, in the totality of the circumstances, disclosure is warranted. The judge may wish to conduct a limited in camera hearing to assess the materiality of the requested disclosure and the strength of the Com-

reasonable doubt. See *Commonwealth* v. *Bacigalupo*, 455 Mass. 485, 495 (2009). Given that the informant was a participant in the alleged offense and the only nongovernment witness to the same, consideration of relevant, case-specific factors might have led the judge to conclude that disclosure was warranted under the circumstances. Had disclosure been ordered, the information gleaned may well have affected the evidence before the judge as to whether the probationer committed a new crime. Were this violation of a condition of probation not established, it is far from clear on this record that the judge would have revoked the defendant's probation merely for his failure to pay the full amount of the probation fees owed, particularly as he had been performing community service and making contributions toward his unpaid fees. Cf. *Commonwealth* v. *Smith*, 38 Mass. App. Ct. 324, 328 (1995) (failure to complete community service usually results in extension of probation rather than revocation).

4. *Conclusion.* The finding of a probation violation and the order revoking probation are vacated, and the matter is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

monwealth's interest in nondisclosure. See *Commonwealth* v. *Dias*, 451 Mass. 463, 472 (2008) ("In a case where it is not clear from the record that disclosure of an informant's identity would provide something material to the defense, a judge may hold an in camera hearing to assist in making that determination"). "The nature of the in camera hearing is left to the discretion of the judge, who may, in light of the particular facts, determine whether the presence of counsel is necessary or appropriate." *Id.* at 472 n.15, citing *Commonwealth* v. *Lugo*, 73 Mass. App. Ct. 494, 504 (1987), *S.C.*, 406 Mass. 565 (1990).