The defendant's probation was revoked following an evidentiary hearing. On appeal, he argues that his due process rights were violated. We vacate the order revoking probation and remand for further proceedings.
Background. On July 5, 2016, the defendant pleaded guilty to violation of an abuse prevention order (G. L. c. 209A). He was sentenced to eighteen months in a house of correction, with fifty-nine days to be served and the balance suspended for two years of supervised probation. One of the conditions of the defendant's probation was to "stay away from Susan Smith's[2 ] residence unless with police to recover defendant's property." Another was to "[o]bey ... all local, state and federal laws."
On August 19, 2016, Officer Curtis St. Germain responded to a call reporting a domestic disturbance at Smith's home and arrested the defendant.[3] After a preliminary hearing, the defendant was detained without bail until his probation revocation hearing, which was held on September 16, 2016.
At the probation revocation hearing, Officer St. Germain testified that when he responded to the domestic disturbance call, Smith told him that the defendant had hit her. Smith also testified at the hearing. She denied making the report to Officer St. Germain and further denied being hit by the defendant.
During Smith's testimony, the judge asked her how many times she had been struck by the defendant and how many times she had been required to telephone the police regarding the defendant. The judge also admitted in evidence three abuse prevention orders against the defendant filed by Smith, and Smith's accompanying affidavits. Each abuse prevention order had expired prior to the defendant's arrest. Over the defendant's objection, the judge questioned Smith extensively about her prior statements in the affidavits.
At the end of the hearing, the clerk stated: "After hearing on 15-1153, 15-344, 16-2880, and 14-1786, the Court has found a violation of probation having been found after hearing, the balance of the sentences imposed on 15-344 of Count A and the other matters can be terminated-." Counsel objected to the revocation decision, stating that "the probation conditions form have [sic ] to be introduced into evidence prior to any findings of violation[,] and that hasn't been done."
Due process violation. The record on appeal does not include the surrender notice,[4] and it appears that the surrender notice was not provided to the judge at the hearing.[5] There are no oral or written findings by the judge regarding the evidence upon which he relied to revoke probation, and no statement was entered setting forth the judge's reasons for revoking probation. Instead, the record contains a form entitled "Probation Violation Finding & Disposition." The form fails to set forth the condition of probation that was found to have been violated, does not set forth the specific testimonial or documentary evidence relied on by the judge, and in lieu of setting forth the reasons for the revocation of probation, states only, "balance of sentence imposed."
These omissions constituted error in violation of the defendant's due process rights. Commonwealth v. Herrera, 52 Mass. App. Ct. 294, 295 (2001) ( "Minimum due process requires that one threatened with revocation of probation be given written notice of any claimed violations of conditions for which revocation is sought"). See Commonwealth v. Hartfield, 474 Mass. 474, 484-485 (2016). Here, it was particularly important for the judge to make findings in light of his consideration of the defendant's past misconduct during Smith's testimony. See Commonwealth v. MacDonald, 53 Mass. App. Ct. 156, 159 (2001) (noting importance of written findings where evidence at revocation hearing included defendant's criminal record).
We review these preserved[6] constitutional errors to determine whether they were harmless beyond a reasonable doubt. See Hartfield, 474 Mass. at 483. While there was evidence at the hearing that the defendant was in Smith's home and resisted arrest, in the absence of a surrender notice and findings by the judge, we cannot determine whether these were the conditions of probation that were alleged to have been violated and, if so, whether these were the same violations on which the judge based his decision to revoke probation. Commonwealth v. Streeter, 50 Mass. App. Ct. 128, 131-132 (2000). Thus, these errors were not harmless beyond a reasonable doubt. Cf. MacDonald, 53 Mass. App. Ct. at 160 (lack of written findings was harmless where alleged violation of probation was set forth in surrender notice and evidence that this violation occurred was undisputed and overwhelming).
Accordingly, we vacate the order revoking probation and remand for further proceedings consistent with this memorandum and order.
So ordered.
Vacated and remanded.

A pseudonym.

It was not clear whether Smith's aunt or mother placed the telephone call.

Though the defendant did not raise this issue directly, the surrender notice is essential for our consideration of the argument that his due process rights were violated. See Foley v. Lowell Sun Publishing Co., 404 Mass. 9, 11 (1989).

During the oral argument, the panel asked the parties to submit the surrender notice; in spite of the Commonwealth's assurance that it would "make every effort to find" the surrender notice in its file, the surrender notice has not been submitted.

The defendant objected to the judge's consideration of the defendant's prior misconduct and objected to the failure to "introduce [ ] into evidence" "the probation conditions form."