DESMOND, J.
*724 After a probation violation hearing, the defendant was found in violation of his probation and had his probation term extended by six months. The defendant now asserts, inter alia, that the judge's failure to specify, in writing, the grounds for his decision that the defendant was in violation of his probation was a due process violation.[1] Because we conclude that the judge's incomplete written findings at the time of the violation hearing, coupled with his oral findings issued at the hearing, satisfied the defendant's due process rights, we affirm.
The defendant was found to be in violation of his probation for violating a special condition of his probation, which required that he stay away from the victim.
*484 The facts of the violation itself are *725 not of consequence to the appeal.[2] The defendant now argues that the judge violated his right to due process by failing to issue written findings.[3] Further, he contends that he received inadequate written notice of his alleged probation violation and of purported additional probation violations, and that the probation officer improperly testified at his violation hearing without being placed under oath or subjected to cross-examination.
The Commonwealth and the defendant each produced one witness at the probation violation hearing, and both witnesses' testimony arguably supported a finding that the defendant had violated the order to stay away from the victim. At the conclusion of the hearing, after the defendant's attorney argued that he should not be found in violation, the judge specifically stated, "Well [the defendant is] definitely in violation; even by the terms of [his] own witness." On the defendant's probation violation finding and disposition form, the judge checked off "violation of probation found" for the defendant's failure to comply with his order of probation, specifically, for violating the stay-away order. On the same form, *726 the judge indicated that this finding was based on "a hearing and the preponderance of the credible evidence, specifically, the following testimonial or documentary evidence." That section of the form is followed by a blank line, to be filled in by the judge with specific evidence relied on to support the violation finding. In this instance, it was left blank.
As the defendant's contentions implicate constitutional rights, we review to determine whether there was error and, if so, whether it was "harmless beyond a reasonable doubt." Commonwealth v. Bacigalupo, 455 Mass. 485, 495, 918 N.E.2d 51 (2009), citing Commonwealth v. Vinnie, 428 Mass. 161, 163, 698 N.E.2d 896 (1998). See Commonwealth v. Kelsey, 464 Mass. 315, 319, 982 N.E.2d 1134 (2013) ("Courts in the *485 Commonwealth have assumed, without so holding, that the same standard [as exists in the trial context] applies to probation revocation hearings").
As a threshold matter, we note that "[w]e may affirm ... on any grounds supported by the record." Commonwealth v. Bartlett, 465 Mass. 112, 117, 987 N.E.2d 1213 (2013). Due process requires a judge to issue a written statement supporting a probation revocation to help "insure accurate factfinding with respect to any alleged violation and provide[ ] an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence" (emphasis added). Black v. Romano, 471 U.S. 606, 613-614, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). Probation violation hearings do not, however, carry the "full panoply of constitutional protections applicable at a criminal trial." Commonwealth v. Bukin, 467 Mass. 516, 520, 6 N.E.3d 515 (2014) (quotation omitted). "Although a separate written statement of the evidence relied on and the reasons for revocation is one of the probationer's due process rights in such proceedings, it is not an inflexible or invariably mandatory requirement and can be satisfied in other ways." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 592-593, 740 N.E.2d 998 (2000). Transcribed oral findings can satisfy or supplement the judge's requirement to issue written findings. See Fay v. Commonwealth, 379 Mass. 498, 504-505, 399 N.E.2d 11 (1980). Like Morse, supra at 593, 740 N.E.2d 998, "this was a simple, straightforward case, and the entirety of the short transcript ... is [the] inculpatory evidence." Therefore, in this case, the judge's statement that the defendant was in violation "even by the terms of [his] own witness,"[4] coupled with the, albeit *727 incomplete, probation violation finding and disposition form, satisfied the defendant's due process rights and afforded him an adequate basis for review.[5] See Fay, supra ; Morse, supra.
The defendant's assertions regarding his written notice and the probation officer's role in the violation hearing are similarly unavailing.[6] For the first time, the defendant now contends that because *486 his notice of probation violation failed to state the date of the alleged incident, it failed to satisfy the written notice requirement set forth by rule 4(c) of the District/Municipal Courts Rules for Probation Violation Proceedings (2015). See Commonwealth v. Durling, 407 Mass. 108, 112-113, 551 N.E.2d 1193 (1990). Even if the defendant's failure to raise this issue before the judge does not render the argument waived, see Morse, supra at 589-590, 740 N.E.2d 998, it requires little discussion. The notice requirement assures that the defendant has been adequately notified of the nature of the charges against him. See Fay, supra at 503, 399 N.E.2d 11. There was ample evidence that the defendant was aware of the alleged violation against him, as the defendant came prepared and in fact presented a witness to testify to the incident in question. Additionally, the defendant did not move for a continuance or a bill of particulars, as would have been appropriate were he truly unaware of the basis for his *728 alleged violation.
Order revoking probation affirmed.

This contention was raised for the first time in the defendant's brief on appeal, nearly fourteen months after the violation hearing.

As a preliminary matter, the Commonwealth contends that the defendant's appeal is moot because he has since completed his probation period. A violation of probation carries with it potential collateral consequences and may be considered in future proceedings, such as those regarding bail, sentencing, or parole. It is not moot. See Commonwealth v. Pena, 462 Mass. 183, 186-189, 967 N.E.2d 603 (2012).

After the defendant filed his brief and appendix in this court, the Commonwealth filed a motion seeking an extension of time to file its brief, which was allowed. Less than one month before the extended due date for its brief, and almost sixteen months after the probation violation hearing, the Commonwealth filed an unopposed motion to stay this appeal, asking us to "direct" the judge to issue written findings of fact. We did not issue such an order and did not rule in the first instance on the propriety of seeking such findings. However, on October 16, 2017, we stayed the appeal, stating, "[t]he Commonwealth is given leave to file, and the trial court is given leave to consider, a motion for written findings concerning the revocation of probation." The Commonwealth then filed a motion for written findings in the District Court on October 20, 2017, and findings were issued by the judge on November 16, 2017.
Because a written statement supporting a probation violation is required in part to "insure accurate factfinding with respect to any alleged violation," Black v. Romano, 471 U.S. 606, 613-614, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), it should be issued contemporaneously with the order finding a violation. Where neither party sought written findings until the case was docketed in this court, and well over one year after the hearing, there is good reason to question whether, in these circumstances, we may rely on the findings issued by the judge in response to the Commonwealth's motion. Because the probation violation finding and disposition form executed by the judge following the hearing and his statements at the end of the hearing were sufficient to satisfy due process in the present case, we need not address the propriety of the findings made by the judge, nor do we rely on them.

From the judge's comments at the hearing, it could also be reasonably inferred that he similarly credited the Commonwealth's witness. The requirement that judges make written findings of fact and state the reasons for the revocation, see rule 8(c) of the District/Municipal Courts Rules for Probation Violation Proceedings (2015), may be satisfied by an oral statement on the record by the judge that the testimony of one or more witnesses is credited and a brief statement of why probation is revoked.

The defendant did not challenge the sufficiency of the evidence supporting the judge's oral finding.

The defendant's contention that the probation officer should have been placed under oath before assisting in the violation hearing and subjected to cross-examination need not be addressed in great detail. The probation officer never testified during the hearing, and therefore did not need to be sworn in. Instead, by calling a witness, he was presenting evidence to the judge to support a finding of probable cause, as allowed by rule 5(c) of the District/Municipal Courts Rules for Probation Violation Proceedings (2015). Further, the defendant contends that the probation officer mentioned additional probation violations in his closing argument and that the defendant was not notified of those violations until that moment. That argument similarly lacks merit, as any additional violations were not at issue during the hearing and the probation officer's comments regarding the defendant's conduct while on probation were made while advocating for the probation officer's recommended disposition. This argument rings especially hollow where the defendant was only found in violation of probation for the one specified allegation that was the focus of the hearing. As neither argument supports a finding of error, neither amounted to a due process violation.