NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-719                                            Appeals Court

COMMONWEALTH  vs.  KERRY OGARRO.

No. 18-P-719.

Middlesex.      May 1, 2019. - July 24, 2019.

Present:  Sullivan, Massing, & Lemire, JJ.


Due Process of Law, Probation revocation.  Practice, Criminal,
    Revocation of probation, Presumptions and burden of proof,
    Findings by judge, Hearsay.  Evidence, Hearsay.  Defense of
    Property.


    Indictments found and returned in the Superior Court
Department on January 28, 2010.

    A proceeding for revocation of probation was heard by
Laurence D. Pierce, J.


    Max Bauer for the defendant.
    Jessica Langsam, Assistant District Attorney, for the
Commonwealth.


    MASSING, J.  A Superior Court judge found that the

defendant, Kerry Ogarro, violated the terms of his probation by

committing a new crime, assaulting a family or household member.

The defendant claimed that his actions were in defense of

property -- the victim had stolen his cell phone, and he was

just trying to get it back -- and that the statements attributed to the victim by the testifying police officer were unreliable hearsay. While we agree with the defendant that the judge was required to find by a preponderance of the evidence that the Commonwealth had disproved defense of property in order to find that the defendant had committed the alleged crime, we disagree that such a finding must be explicit. Concluding that the evidence amply disproved the defense of property claim, that the judge implicitly rejected the defense, and that the judge did not abuse his discretion by accepting the victim's out-of-court statements, we affirm.

Background. In December 2011, after a jury trial in the Superior Court, the defendant was convicted of assault and battery by means of a dangerous weapon (a knife), for which he received a State prison sentence of from five to seven years, and assault and battery, for which he received a consecutive three-year term of probation. A panel of this court affirmed the convictions in an unpublished memorandum and order issued pursuant to our rule 1:28. See Commonwealth v. Ogarro, 83 Mass. App. Ct. 1113 (2013). The defendant was subsequently found in violation of probation,[1] and the judge imposed a two and one-half

---

[1] The defendant violated an order that he have no contact with the victim, a condition of probation that was imposed at sentencing and made effective immediately, notwithstanding his incarceration.

year house of correction sentence on the assault and battery conviction, one year to be served and the balance suspended until December 2024.  The defendant appealed from the extension of probation, which a second panel of this court affirmed.  See Commonwealth v. Ogarro, 85 Mass. App. Ct. 1110 (2014).

The defendant began serving the probationary portion of his second sentence on or about May 3, 2017.  The first condition of his probation was to "obey all local, state, and federal laws and all court orders."  On August 1, 2017, a notice of violation issued alleging that he had violated that condition based on new criminal charges of assault on a family or household member and disorderly conduct.  The final probation violation hearing was held over the course of two days in January 2018.  Lynn Police Officer Craig Fountain was the principal witness.

Fountain testified that he and his partner, in response to a radio call, drove their marked cruiser to the area of Union and Silsbee Streets in downtown Lynn in the early afternoon of July 29, 2017.  Several people on the street "frantically" waved them down and directed them toward a location on Broad Street, where they found the defendant on top of a screaming woman, straddling her and holding her wrists to the ground.  The officers instructed him to get away from the woman, and he obeyed.

The woman, upset and crying, told the officers that she and the defendant had met at a bus stop so the defendant could "return some of her stuff to her." When she told the defendant "that she did not want to be in a relationship [with] him no more," he "became enraged and assaulted her several times." She tried to run away, but the defendant caught her, threw her to the ground, and got on top of her. Fountain observed scrapes on the woman's knees, and she "complained of knee pain." She told the officers that she and the defendant had been dating for three months. The defendant told the officers that the woman had stolen his cell phone.

Defense counsel argued that the judge should discredit the statements attributed to the victim as unreliable hearsay, and that the defendant used reasonable force in defense of property: he was holding the woman down "in the process of trying to retrieve his phone." Accordingly, he argued, the Commonwealth had the burden not only to prove that the defendant committed an assault, but "also to prove that he didn't act with reasonable force to retain his property." The prosecutor argued that the defendant's single self-serving statement that the victim took his cell phone was not sufficient to raise the issue of defense of property, but even if it were, his use of force was not reasonable: "the defendant, or a reasonable person in the defendant's shoes, did not need to run down this individual,

grab her, throw her down forcefully and hold her down" to get his cell phone back.

The judge found, "based on trustworthy and reliable evidence," that the Commonwealth had shown by a preponderance of the evidence that the defendant assaulted the victim.[2]  The judge found that the victim, who had been dating the defendant, "no longer wanted to be in a relationship with the defendant, [and] that the defendant became enraged, that she fled down Silsbee Street to Broad Street, that the defendant caught her at that location, [and] threw her to the ground."  The judge found Fountain's personal observations to be corroborative of the victim's hearsay statements, "demonstrat[ing] trustworthiness, reliability."  Finding that the defendant had violated the terms of probation, the judge imposed the remaining eighteen months of the suspended sentence.

Discussion.  1.  Asserting defense of property in probation violation proceedings.  The defendant asserts that because he raised defense of property as justification for his assault of the victim, the Commonwealth had the burden to disprove the defense.  He further claims that the judge was obligated to

---

[2] The notice of probation violation alleged that the defendant had committed the crime of "Aslt on Family/Household Member."  The relevant statute, G. L. c. 265, § 13M, provides punishment for "[w]hoever commits an assault or assault and battery on a family or household member" (emphasis added).

address the defense of property claim explicitly in his findings.  We agree that when a defendant adequately raises a claim of defense of property in the context of probation violation proceedings, due process requires that the Commonwealth disprove the defense by a preponderance of the evidence.  Due process does not require explicit findings, however, where the judge's findings and the record are sufficient to show that the violation decision rests on permissible grounds.

"A probation violation proceeding is not the equivalent of a criminal trial, and thus a probationer is not accorded 'the full panoply of constitutional protections applicable at a criminal trial.'"  Commonwealth v. Hartfield, 474 Mass. 474, 479 (2016), quoting Commonwealth v. Durling, 407 Mass. 108, 112 (1990).  Because the revocation of probation results in a deprivation of liberty, the due process clause requires that the Commonwealth provide probationers with certain procedural protections, including the right to be heard, the right to present a defense, and the right to a written statement by the judge setting forth the reasons for revoking probation and the evidence relied upon.  See Hartfield, supra; Commonwealth v. Kelsey, 464 Mass. 315, 319-322 (2013); Durling, supra at 112-113.  The "central concern in determining the scope of a probationer's due process rights" is the probationer's and the

Commonwealth's shared interest "in a 'reliable, accurate evaluation of whether the probationer indeed violated the conditions of his probation.'" Kelsey, supra at 321, quoting Durling, supra at 116. "[T]he requirements of the due process clause have, at their base, the goal of providing an accurate determination whether revocation is proper." Durling, supra.

"Due process entitles a probationer 'to an opportunity to show not only that he did not violate the conditions [of probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition.'" Commonwealth v. Bynoe, 85 Mass. App. Ct. 13, 18 (2014), quoting Black v. Romano, 471 U.S. 606, 612 (1985). The basic due process principles applicable in probation violation proceedings dictate that a probationer has the right to assert self-defense or defense of property, where relevant, as justification for an alleged probation violation. See Thompson v. Riveland, 109 Wis. 2d 580, 586 (1982) ("A claim of self-defense is available to all persons in society whether on probation or not"). A claim of self-defense or defense of property is a claim that the probationer's conduct was, in fact, lawful. See Commonwealth v. Williams, 481 Mass. 799, 805 (2019), quoting Commonwealth v. Rodriguez, 370 Mass. 684, 688 (1976) ("we have long recognized that self-defense negates the element of 'unlawfulness'"). See also Williams, supra at 806

(in context of G. L. c. 278A motion for postconviction forensic testing, assertion of self-defense is claim of "factual innocence").[3]

The concept of defense of property "relates to the right to use limited force to defend personal property from theft." Commonwealth v. Haddock, 46 Mass. App. Ct. 246, 248 n.2 (1999). A person "may defend or regain his momentarily interrupted possession by the use of reasonable force, short of wounding or the employment of a dangerous weapon." Commonwealth v. Donahue, 148 Mass. 529, 531 (1889). If the victim had just stolen the defendant's cell phone, and he used reasonable force to get it back, he would not have been guilty of a crime and would not have violated the terms of his probation.

In a criminal case, where the defendant raises a colorable claim of self-defense or defense of property, the Commonwealth must prove beyond a reasonable doubt that the defendant did not legitimately act in self-defense or in defense of property. See Rodriguez, 370 Mass. at 688; Haddock, 46 Mass. App. Ct. at 248

---

[3] We limit our discussion to self-defense and defense of property, which "provide[] a justification, so that action which society otherwise seeks to prevent becomes permissible under the circumstances." People v. Allegri, 109 Ill. 2d 309, 315 (1985). Our reasoning does not extend, for example, to a defense based on the absence of criminal responsibility, which "does not turn unacceptable behavior into permissible conduct, but only excuses the individual from criminal punishment for having violated a penal statute." Id. at 315.

("Where there is credible evidence to raise these defenses, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant acted with force that was excessive in kind or degree"). But in probation violation proceedings, "[t]he finding of a violation is not by a jury but by a judge, and is based only on a preponderance of the evidence, not proof beyond a reasonable doubt." Commonwealth v. Wilcox, 446 Mass. 61, 65 (2006). See Commonwealth v. Holmgren, 421 Mass. 224, 226 (1995). Accordingly, when a colorable claim of self-defense or defense of property is raised to contest an alleged probation violation, the Commonwealth need only show by a preponderance of the evidence that the probationer did not legitimately exercise the defense. The burden of proof properly rests with the Commonwealth, as a finding that the defendant violated probation may result in a deprivation of liberty. See State v. Sligh, 115 Conn. App. 197, 203-204 (2009) (although not conclusively resolving issue, suggesting that burden of proof should not be on probationer).

Moreover, the allocation of the burden of proof to the Commonwealth, rather than the defendant, will affect the probation violation determination "only in a narrow class of cases where the evidence is in equipoise," Medina v. California, 505 U.S. 437, 449 (1992), that is, where the evidence of self-defense or defense of property is equally as strong as the

evidence that the probationer did not properly avail himself of the defense.  See Commonwealth v. Chatman, 466 Mass. 327, 336 n.7 (2013) (discussing significance of allocating burden of proof by a preponderance of evidence).  In this narrow class of cases, we err on the side of liberty.

2.  Explicit finding unnecessary.  "Due process requires a judge to issue a written statement supporting a probation revocation to help 'insure accurate factfinding with respect to any alleged violation and provide[] an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence'" (emphasis omitted).  Commonwealth v. Bain, 93 Mass. App. Ct. 724, 726 (2018), quoting Black v. Romano, 471 U.S. at 613-614.  This aspect of due process, however, "is not an inflexible or invariably mandatory requirement."  Commonwealth v. Morse, 50 Mass. App. Ct. 582, 593 (2000).[4]  The judge's statement is sufficient if it provides the probationer with the reasons for the decision, adequate for the probationer to obtain a meaningful review.  See Bain, supra at 726-727; Morse, supra at 592-594.

---

[4] For example, "a judge satisfies this due process requirement where the findings are made orally on the record and the probationer obtains a transcript of the findings," Hartfield, 474 Mass. at 484 n.8, as was the case here.  See Fay v. Commonwealth, 379 Mass. 498, 504-505 (1980).

The judge's statement of reasons here was consistent with the flexible requirements of due process applicable in probation violation proceedings. The judge specifically credited the victim's statements that the defendant became enraged because she wanted to break up with him, chased her down, and threw her to the ground. The victim's version was corroborated by the officer's eyewitness testimony that the defendant was straddling the victim and holding her down while she was screaming, and that the victim's knees were scraped. Just before the judge announced his findings, the parties presented argument on the defense of property claim, which the defendant spun entirely from a single hearsay statement he made to the officer. "[T]his was a simple, straightforward case, and the entirety of the short transcript (aside from [the defendant's single self-serving hearsay statement]) is th[e] inculpatory evidence." Morse, 50 Mass. App. Ct. at 593. Although the judge did not explicitly mention the defendant's defense of property claim, his findings make it clear that he found no justification for the defendant's action. See Commonwealth v. Nunez, 446 Mass. 54, 59 (2006) ("Although the judge did not explicitly state that he found the hearsay reliable, that conclusion is implicit in the fact that he made findings based on the hearsay evidence"). The defense of property claim was reed thin, and the evidence amply negated it.

3.  Reliance on hearsay.  The judge did not abuse his discretion in relying on the out-of-court statements that the victim made to the testifying police officer.  A judge may rely on hearsay evidence at a probation violation hearing where the evidence has substantial indicia of reliability.  See, e.g., Hartfield, 474 Mass. at 482; Commonwealth v. Patton, 458 Mass. 119, 132 (2010); Durling, 407 Mass. at 118; Commonwealth v. Henderson, 82 Mass. App. Ct. 674, 676 (2012).  "In assessing whether the hearsay evidence is reliable, a hearing judge may consider (1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."  Hartfield, supra at 484. "[W]here a judge relies on hearsay evidence in finding a violation of probation, the judge should set forth in writing or on the record why the judge found the hearsay evidence to be reliable."  Id. at 485.  We review the judge's assessment of the reliability of evidence for abuse of discretion.  See Commonwealth v. Bukin, 467 Mass. 516, 521 (2014).

Here the judge properly set forth his conclusion that the statements attributed to the victim were corroborated by the responding officer's personal observations, "demonstrat[ing] trustworthiness, reliability." Although the victim was an interested party, all of the other factors demonstrating reliability were present. Her statements were based on her personal participation in the incident and made to the officer immediately thereafter. She gave a detailed, internally consistent account of the events, without time for reflection or fabrication. Indeed, the judge might have accepted the victim's statements on the alternate ground that they qualified as excited utterances, an exception to the rule against hearsay. See Commonwealth v. Santiago, 437 Mass. 620, 624-626 (2002); Mass. G. Evid. § 803 (2) (2019). "Evidence which would be admissible under standard evidentiary rules is presumptively reliable." Durling, 407 Mass. at 118. See § 6(B) of the Guidelines for Probation Violation Proceedings in the Superior Court, Mass. Rules of Court, at 1049 (Thomson Reuters 2019) ("Hearsay evidence shall be admissible at a Violation Hearing as permitted under Sections 802 through 804 of the Massachusetts Guide to Evidence, or when determined by the judge to be substantially reliable"). The judge did not abuse his discretion in relying on the officer's account of the victim's statements.

Conclusion.  The order entered on January 26, 2018, revoking probation and imposing sentence, is affirmed.

So ordered.