NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-302

COMMONWEALTH

vs.

JOSE A. ROMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a District Court judge's order revoking his probation. On appeal, the defendant claims that (1) the judge erroneously relied on unreliable hearsay, (2) there was insufficient evidence to find him in violation of the terms of his probation, and (3) his due process rights were violated. We affirm.

Background. We recite the facts as presented at the surrender hearing, reserving certain facts for later discussion. After being convicted of drug-related offenses, the defendant was placed on probation, subject to conditions, including that he (1) submit to random drug testing, (2) remain drug-free, and (3) obey the law. He was alleged to have violated those conditions by failing to comply with the drug testing requirements and committing three motor vehicle offenses.

At the hearing on the probation violation, the defendant's probation officer testified that the defendant missed nine random drug screens, offering the results of the drug tests to prove these missed appointments, and that the defendant tested positive for cocaine on October 21, 2021.  The defendant's counsel conceded the positive drug test and no-show appointments.[1]

The Commonwealth also introduced an incident report (the report) written by the police officer who responded to the scene of the defendant's accident.  According to the report, at approximately 2:40 A.M. the officer arrived at the scene of a single vehicle crash and found the defendant "sitting in the median with leg and facial injuries"; the officer noted that "only the driver's side and front airbags had deployed."  The defendant maintained that he was not the driver of the vehicle but refused to provide the driver's name.  The police searched the area and found no one else.[2]

The judge ruled that the Commonwealth had shown by a preponderance of the evidence that the defendant violated the

---

[1] The defendant's counsel expressly stated that, "with regard to the screens, I concede the positive cocaine and concede the no-shows as well."

[2] Because we are satisfied that the positive drug test and no-show appointments were reliable and conclude that they provide an adequate basis for revoking the defendant's probation, we do not reach the defendant's arguments about the report.

terms of his probation, "mainly by committing a new criminal offense, . . . failing to comply with testing requirements, specifically positive for cocaine . . . and having nine missed screens."  The judge confirmed in his finding of a probation violation that, other than as specifically excluded, the "exhibits meet the substantial reliability test."

Discussion.  1.  Reliability and sufficiency of evidence. "The Commonwealth must prove a violation of probation by a preponderance of the evidence."  Commonwealth v. Bukin, 467 Mass. 516, 520 (2014).  "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge."  Id. at 519-520.  Although "standard evidentiary rules do not apply to probation revocation hearings," a finding of a probation violation must be based on reliable evidence. Commonwealth v. Durling, 407 Mass. 108, 117-118 (1990).  "A judge may rely on hearsay evidence at a probation violation hearing where the evidence has substantial indicia of reliability."  Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 668 (2019).  We review for abuse of discretion.  See Commonwealth v. Jarrett, 491 Mass. 437, 445 (2023), citing L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

a.  Reliability of evidence.  In assessing whether the hearsay evidence is reliable, a hearing judge may consider:

"(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).  "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable."  Commonwealth v. Patton, 458 Mass. 119, 133 (2010).

Because the defendant conceded the positive drug test and no-show appointments for testing, we review to determine whether the admission of such evidence was error, and if so, whether it caused a substantial risk of miscarriage of justice.  See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).  There was no error.  The judge's finding that drug test results and no-show appointments for testing were reliable was reasonably based on (1) the high level of factual detail in the drug test results, (2) the documents having been recorded close in time to the date of the drug tests, and (3) corroboration by the probation officer's personal experiences with and direct observations of the defendant.  See Commonwealth v. Eldred, 480 Mass. 90, 92-93 (2018) (judge reasonably determined probation officer's

4

testimony about positive drug test, as well as drug test results themselves, constituted sufficiently reliable evidence).

b. Sufficiency of evidence. On appeal, we assess "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the probationer] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).

Here, the evidence was sufficient to prove, by a preponderance of the evidence, that the defendant violated his conditions of probation. The judge reasonably relied on the drug test results, no-show appointments, and probation officer's testimony in coming to this conclusion. The probation officer's testimony corroborated evidence of the defendant's positive drug test result and no-show appointments. See Commonwealth v. Jarrett, 491 Mass. 437, 445 (2023) (officer's testimony as to defendant's drug-related offense sufficient to find defendant in violation of drug-free terms of probation).[3]

2. Due process claim. We review the defendant's due process challenge "to determine whether the error, if any, was 'harmless beyond a reasonable doubt.'" Commonwealth v. Kelsey,

---

[3] In this light, we need not address the defendant's claim, raised for the first time on appeal, that his counsel was ineffective for having failed to move for a required finding. See Commonwealth v. Heywood, 484 Mass. 43, 49 (2020) (and cases cited).

464 Mass. 315, 319 (2013), quoting Commonwealth v. Bacigalupo, 455 Mass. 485, 495 (2009). "Due process requires a judge to issue a written statement supporting a probation revocation to help insure accurate factfinding with respect to any alleged violation and provide[] an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence" (quotation omitted). Ogarro, 95 Mass. App. Ct. at 667. This "is not an inflexible or invariably mandatory requirement. . . . The judge's statement is sufficient if it provides the probationer with the reasons for the decision, adequate for the probationer to obtain a meaningful review" (quotation omitted). Id.

Although it would have been preferable for the judge to mark the relevant boxes on the probation violation finding and disposition form, we are satisfied that the defendant's due process rights were not violated. The judge thoughtfully assessed the proffered hearsay evidence in the report and in screenshots offered by the Commonwealth, reasonably excluding some of it, and noted on the form that the remaining exhibits "meet the substantial reliability test." See Fay v. Commonwealth, 379 Mass. 498, 504-505 (1980) (judge's transcribed review of evidence satisfied due process requirements). Corroborated by the hearing record, the judge's written finding, while scant, was sufficient to indicate the specific reasons he

6

found the hearsay evidence sufficiently reliable.  See Commonwealth v. Bain, 93 Mass. App. Ct. 724, 724-727 (2018) (judge's findings complied with due process where judge left line blank meant "to be filled in by the judge with specific evidence relied on to support the violation finding").  See also Morse, 50 Mass. App. Ct. at 592-593 (judge adequately provided reasoning for probation revocation by making written finding that plainly derived from reliable and sufficient evidence).  Taken together, these steps satisfied due process requirements and provided for an adequate basis for the defendant to receive meaningful review.

<u>Order revoking probation affirmed</u>.

By the Court (Blake, Hershfang & D'Angelo, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  April 27, 2023.

---

[4] The panelists are listed in order of seniority.

7