NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-302

COMMONWEALTH

vs.

JOSE A. ROMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a District Court judge's order revoking his probation.  The judge ruled that the defendant violated his probation by (1) committing new criminal offenses, operation of a motor vehicle with a suspended license and negligent operation of a motor vehicle, and (2) testing positive for cocaine and failing, nine times, to appear for scheduled drug testing.  On appeal, the defendant claims that (1) the judge erroneously relied on unreliable hearsay, (2) there was insufficient evidence to find him in violation of the terms of his probation, and (3) his due process rights were violated.  After reconsideration, we conclude that the evidence was sufficient to support the violations based on the drug testing and the new offense of operating with a suspended license.  However, because we cannot say with certainty that the judge

would have revoked the defendant's probation absent the violation for negligent operation, we remand for redetermination and resentencing under Commonwealth v. King, 96 Mass. App. Ct. 703, 710-713 (2019).  See Commonwealth v. Durling, 407 Mass. 108, 111 (1990).

Background.  We recite the facts as presented at the surrender hearing, reserving certain facts for later discussion. After being convicted of drug-related offenses, the defendant was placed on probation subject to conditions, including that he (1) submit to random drug testing, (2) remain drug-free, and (3) obey the law.  He was alleged to have violated those conditions by failing to comply with the drug testing requirements and committing three motor vehicle offenses.

At the hearing on the probation violation, the defendant's probation officer testified that the defendant missed nine random drug screens, offering the "results" of the drug tests to prove these missed appointments, and that the defendant tested positive for cocaine on October 21, 2021.  The defendant's counsel conceded the positive drug test and no-show appointments.[1]

---

[1] The defendant's counsel expressly stated that, "with regard to the screens, I concede the positive cocaine and concede the no-shows as well."

2

The Commonwealth also introduced an incident report (the report) written by the police officer who responded to the scene of the defendant's accident. According to the report, at approximately 2:40 A.M. the officer arrived at the scene of a single vehicle crash and found the defendant "sitting in the median with leg and facial injuries"; the officer noted that "only the driver's side and front airbags had deployed." The defendant maintained that he was not the driver of the vehicle but refused to provide the driver's name. The police searched the area and found no one else.

The judge ruled that the Commonwealth had shown by a preponderance of the evidence that the defendant violated the terms of his probation. The judge confirmed in his finding of a probation violation that, other than as specifically excluded, the "exhibits meet the substantial reliability test."

Discussion. "The Commonwealth must prove a violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge." Id. at 519-520. Although "standard evidentiary rules do not apply to probation revocation hearings," a finding of a probation violation must be based on reliable evidence. Durling, 407 Mass. at 117. "A judge may rely on hearsay evidence at a probation violation hearing where

3

the evidence has substantial indicia of reliability."

Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 668 (2019).  We

review for abuse of discretion.  See Commonwealth v. Jarrett,

491 Mass. 437, 445 (2023), citing L.L. v. Commonwealth, 470

Mass. 169, 185 n.27 (2014).

1.  Reliability of evidence.  In assessing whether the

hearsay evidence is reliable, a hearing judge may consider:

> "(1) whether the evidence is based on personal knowledge or
> direct observation; (2) whether the evidence, if based on
> direct observation, was recorded close in time to the
> events in question; (3) the level of factual detail; (4)
> whether the statements are internally consistent; (5)
> whether the evidence is corroborated by information from
> other sources; (6) whether the declarant was disinterested
> when the statements were made; and (7) whether the
> statements were made under circumstances that support their
> veracity."

Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).  "There is

no requirement that hearsay satisfy all the above criteria to be

trustworthy and reliable."  Commonwealth v. Patton, 458 Mass.

119, 133 (2010).

Because the defendant conceded the positive drug test and

no-show appointments for testing, we review to determine whether

the admission of such evidence was error, and if so, whether it

caused a substantial risk of miscarriage of justice.  See

Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).  There was no

error.  The judge's finding that drug test results and no-show

appointments for testing were reliable was reasonably based on

4

(1) the high level of factual detail in the drug test results, (2) the documents having been recorded close in time to the date of the drug tests, and (3) corroboration by the probation officer's personal experiences with and direct observations of the defendant.  See Commonwealth v. Eldred, 480 Mass. 90, 92-93 (2018) (judge reasonably determined probation officer's testimony about positive drug test, as well as drug test results themselves, constituted sufficiently reliable evidence).  These same factors support the judge's conclusion that the majority of the police report, which was factually detailed, recorded close in time to the crash, and based on the officer's observations, was reliable.

2.  Sufficiency of evidence.  On appeal, we assess "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the probationer] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).  "In a probation revocation hearing, the issue to be determined is not guilt beyond a reasonable doubt but, rather, whether the probationer more likely than not violated the conditions of his probation." Commonwealth v. Kelsey, 464 Mass. 315, 324 (2013).

(a).  Drug-testing violations.  Here, the evidence was sufficient to prove, by a preponderance of the evidence, that the defendant violated his conditions of probation.  The judge

5

reasonably relied on the drug test results, no-show appointments, and probation officer's testimony in coming to this conclusion. The probation officer's testimony corroborated evidence of the defendant's positive drug test result and no-show appointments. See Jarrett, 491 Mass. at 445 (officer's testimony as to defendant's drug-related offense sufficient to find defendant in violation of drug-free terms of probation). A finding that the no-shows were willful was reasonably supported by the officer's testimony that she "always" contacted the defendant after each no-show and the Averhealth document showing the dates on which the defendant failed to appear for scheduled testing. See Rass Corp. v. Travelers Cos., 90 Mass. App. Ct. 643, 657 (2016).

(b). Motor vehicle offenses. Operating a motor vehicle with a suspended license requires proof of three elements: (1) operating a motor vehicle, (2) with a suspended license, (3) with notice of the suspension. Commonwealth v. Royal, 89 Mass. App. Ct. 168, 170 (2016). "Proof of operation of a motor vehicle may 'rest entirely on circumstantial evidence.'" Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006), quoting Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438 (2002). Here, the first element was met. The defendant, injured on his face and legs, was alone at the scene of a single vehicle accident in which only the driver's side airbags had

deployed, and there was no sign of another person. It did not take a "leap of conjecture" to infer that the defendant was operating the vehicle at the time of the crash. Commonwealth v. Beltrandi, 89 Mass. App. Ct. 196, 202 (2016). See Commonwealth v. Hilton, 398 Mass. 63, 67 (1986) ("A web of convincing proof can be made up of inferences that are probable, not necessary" [quotation omitted]); Cromwell, supra at 440. As to the second element, we see no reason to disturb the judge's conclusion that the police officer's report was substantially reliable. In the report, the officer noted that the defendant's license was suspended. Finally, the judge reasonably could have inferred from the defendant's statements to the trooper that he knew his license was suspended and, to avoid arrest, claimed that his friend was driving. See Commonwealth v. Vick, 454 Mass. 418, 424 (2009), quoting Commonwealth v. Robles, 423 Mass. 62, 71 (1996) ("False statements to police may be considered as consciousness of guilt if there is other evidence tending to prove the falsity of the statements").

A finding of negligent operation requires proof that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered. Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). Negligent operation "only requires proof that the defendant's conduct might have endangered the safety of the

public, not that it in fact did," Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007), but requires more than the "mere occurrence of an accident." Osborne v. Hemingway Transp., Inc., 28 Mass. App. Ct. 944, 945 (1990). Although the evidence permitted a finding of operation, and the crash occurred on a public way, we are not persuaded that the third element was met. The evidence established only that the defendant, driving without a license, crashed his car. While both the operating while suspended and the accident are relevant to the assessment of negligent operation, see Commonwealth v. Campbell, 394 Mass. 77, 83 n.5 (1985); Commonwealth v. Cohen, 27 Mass. App. Ct. 1210, 1211 (1989), we find no precedent establishing that they are sufficient to show it. See Commonwealth v. Zagwyn, 482 Mass. 1020, 1022 (2019); Aucella v. Commonwealth, 406 Mass. 415, 418-419 (1990).

Because the record does not reveal that the trial judge would have imposed the same sentence had he found only two of the three violations, we are constrained to remand for resentencing consistent with our decision.

3. Due process claim. We review the defendant's due process challenge "to determine whether the error, if any, was 'harmless beyond a reasonable doubt.'" Commonwealth v. Kelsey, 464 Mass. 315, 319 (2013), quoting Commonwealth v. Bacigalupo, 455 Mass. 485, 495 (2009). "Due process requires a judge to

8

issue a written statement supporting a probation revocation to help insure accurate factfinding with respect to any alleged violation and provide[] an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence" (quotation omitted). Ogarro, 95 Mass. App. Ct. at 667. This "is not an inflexible or invariably mandatory requirement . . . The judge's statement is sufficient if it provides the probationer with reasons for the decision, adequate for the probationer to obtain a meaningful review." Id. (quotation omitted).

Although it would have been preferable for the judge to mark the relevant boxes on the probation violation finding and disposition form, we are satisfied that the defendant's due process rights were not violated. The judge thoughtfully assessed the proffered hearsay evidence in the report and in screenshots offered by the Commonwealth, reasonably excluding some of it, and noted on the form that the remaining exhibits "meet the substantial reliability test." See Fay v. Commonwealth, 379 Mass. 498, 504-505 (1980) (judge's transcribed review of evidence satisfied due process requirements). Corroborated by the hearing record, the judge's written finding was sufficient to indicate the specific reasons he found the hearsay evidence sufficiently reliable. See Commonwealth v. Bain, 93 Mass. App. Ct. 724, 726, 727 (2018) (judge's findings

complied with due process where judge left line blank meant "to be filled in by the judge with the specific evidence relied on to support the violation finding").  See also Morse, 50 Mass. App. Ct. at 592 (judge adequately provided reasoning for probation revocation by making written finding that plainly derived from reliable and sufficient evidence).  Taken together, these steps satisfied due process requirements and provided for an adequate basis for the defendant to receive meaningful review.

On the order revoking probation and imposing sentence, so much of the order that finds violations based on the drug testing and operating with a suspended license is affirmed, and the remaining finding of violation is reversed.  The sentence is vacated and the case is remanded to the District Court for resentencing consistent with this memorandum and order.

So ordered.

By the Court (Blake, Hershfang & D'Angelo, JJ.[2]),

Joseph F. Stanton

Clerk

Entered:  June 9, 2023.

_____

[2] The panelists are listed in order of seniority.

10