NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-62

COMMONWEALTH

vs.

BRANDON CARRION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order (1) finding that he had violated the terms of his probation by committing new criminal offenses and (2) revoking his probation.  In this appeal, the defendant makes three arguments.  First, he argues that due process dictates that proof of a probation violation be established by clear and convincing evidence, rather than by a preponderance of the evidence.  Second, he argues that the judge failed to make written findings of fact, and failed to find that the hearsay evidence was reliable.  Finally, he argues that the evidence was insufficient to establish that he had violated his probation.  We affirm.

The defendant's first argument requires little discussion because the Supreme Judicial Court has repeatedly and unambiguously stated that a probation violation requires only

proof by a preponderance of the evidence.  See, e.g.,

Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023).  It is

beyond our power as an intermediate court of appeal "to alter,

overrule or decline to follow the holding of cases the Supreme

Judicial Court has decided."  Commonwealth v. Dube, 59 Mass.

App. Ct. 476, 485 (2003).

Before addressing the merits of the defendant's remaining

arguments, we set out the following background.  The

Commonwealth presented the testimony of four police witnesses to

establish that the defendant had violated the terms of his

probation.[1]  The officers' testimony was undisputed and

consistent.  Some of the officers' testimony was based on their

own observations and investigation.  Other important parts,

however, consisted of hearsay in that the officers recounted

what others had told them.  We recite the facts as the judge

could have found them.

The police were dispatched to an apartment on Clarkson

Street in Worcester around 2 A.M. on December 3, 2020.  The

first officer to arrive observed a man (victim) sitting on a

chair inside the apartment, bleeding from multiple stab wounds

to his stomach.  The victim had also been cut on his head and

---

[1] The defendant stipulated that he was on probation at the
relevant time, that he had received the terms and conditions of
his probation, and that he was aware of those terms and
conditions.

2

hand.  A witness on the scene told the officer that his uncle Brandon, the defendant, had been arguing with the victim outside the back door of the house.  The defendant had then run into the house and out the front door.  The victim had then come into the house, bleeding.  This description of events was corroborated by the trail of blood that led from outside the back of the house, through the back door, and ended where the victim was seated.  The witness claimed not to have seen what had happened outside the house (apart from seeing an argument), or the defendant with a knife.  But he later stated at the station that the only people involved in the fight were the defendant and the victim.  He also said that the defendant had "launched" at the victim.

The defendant's girlfriend told police that the victim had been drinking and trying to smoke inside the house, to which the defendant and the girlfriend's sons objected.[2]  Eventually, the defendant and the victim went outside and began to fight.  The girlfriend saw the defendant throw a punch at the victim.  She physically intervened between the two men and broke them apart.  She then went inside the house for three to five minutes; when

---

[2] The girlfriend also stated that a locked, upstairs bedroom had been a guest room, but was no longer occupied.  The police forced entry and discovered that the room appeared to have been recently inhabited, and found a paystub belonging to the defendant in the closet.

she returned, the victim had been stabbed, and the defendant was no longer there.

When the defendant was arrested later that day, he had recent lacerations on his hands, and blood splatter on his shoes. He admitted to police that he had been at his girlfriend's house and that he had been wearing the same clothes. He stated that he had been drinking and had no memory of the events of the night before, or why blood was on his shoes. The victim, too, admitted to police that he had been drinking, and recalled that he had been in an argument, but remembered nothing further.

Against this backdrop, we now consider the defendant's remaining legal arguments. First, the defendant argues that the judge did not make written findings regarding the reliability of the hearsay evidence. This argument fails because the record does not support it. The judge indicated on the "Probation Violation Finding & Disposition" form that he found the hearsay evidence to be reliable for six reasons which we set out in the margin.[3] Nothing more was required by way of written findings

---

[3] The six reasons were that the evidence was based on personal knowledge and/or direct observation, that it involved observations recorded close in time to the events in question, that it was provided by a disinterested witness, that it was provided under circumstances that supported the veracity of the source, that it was factually detailed, and that it was internally consistent.

regarding the reliability of the hearsay evidence.  See Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016) ("In assessing whether the hearsay evidence is reliable, a hearing judge may consider (1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity").

Next, the defendant argues that his due process rights were violated because the judge did not make written findings regarding the evidence.  "Although a separate written statement of the evidence relied on and the reasons for revocation is one of the probationer's due process rights in such proceedings, it is not an inflexible or invariable mandatory requirement and can be satisfied in other ways."  Commonwealth v. Morse, 50 Mass. App. Ct. 582, 592-593 (2000).  Here, it is true that the judge did not make written findings of fact, and the better course would have been for him to do so.  But the judge's oral determination on the record that the defendant had violated his probation, combined with his written notation on the Probation

5

Violation Finding & Disposition form that the violation was based on the defendant's violation of criminal laws identified in a particular criminal complaint (which the judge identified by docket number), and his indication that the finding was based on the four officers' testimony (which, as we have noted, was consistent and corroborated), satisfied due process. See Commonwealth v. Bain, 93 Mass. App. Ct. 724, 725-727 (2018). Moreover, the defendant has not articulated, let alone shown, how the absence of detailed findings of fact makes any difference in this case. The testimony of the officers was consistent and corroborated. Not only did each officer speak to a percipient witness, but the percipient witnesses recounted the same rough sequence of events: the defendant and the victim had been arguing behind the house, after which the defendant ran through the house and out the front door, while the victim came back inside with stab wounds to the stomach, head, and hand. The defendant has failed to identify any pertinent factual dispute that required resolution by the judge, or any reason to think that the officers' testimony was not credible.

Finally, the defendant argues that the evidence was insufficient because there was no direct evidence that the defendant stabbed the victim. Although it is true there was no direct evidence of the stabbing, the circumstantial evidence more than amply permitted the reasonable inference that it was

the defendant (as opposed to some other person) who stabbed the victim.  See Commonwealth v. Coates, 89 Mass. App. Ct. 728, 732 (2016) (circumstantial evidence suffices to prove identity).

For these reasons, we affirm the order revoking the defendant's probation.

So ordered.

By the Court (Wolohojian, Singh & Hand, JJ.[4]),

Joseph F. Stanton

Clerk

Entered:  July 20, 2023.

---

[4] The panelists are listed in order of seniority.